THE PEOPLE EX REL. THOMAS DRAPER, Appellant, v.
ROBERT A. PINKERTON, Respondent.

The recitals in a warrant of the governor of this State for the arrest of a
fugitive from the justice of another State are to be taken, at least *prima
facie*, as true.

A return therefore to a writ of *habeas corpus* setting forth such a warrant,
which contains recitals of facts necessary to confer authority, under the
Constitution and laws of the United States, to issue it, is a sufficient jus-
tification for holding the prisoner, without producing the papers or evi-
dence on which the governor acted.

As to whether the warrant is conclusive, or may be met by evidence on
the part of the prisoner showing that the papers presented to the gov-
ernor were, in fact, defective, *quære*.

(Argued April 8, 1879 ; decided May 20, 1879.)

APPEAL from order of the General Term of the Supreme
Court, in the second judicial department, affirming an order
of Special Term which dismissed a writ of *habeas corpus*,
and remanding the relator to custody.    (Reported below, 17
Hun, 199.)

The return to the writ of *habeas corpus* stated that the
relator was held by virtue of a warrant under the hand and
seal of the governor of the State of New York, a copy of
which was annexed and made part of the return.

The body of the warrant is as follows :

" WHEREAS, It has been represented to me by the gov-
ernor of the State of Massachusetts, that John Leary, James
Brady, James Draper and James Grier stand charged with the
crime of breaking and entering the Northampton National
Bank, and stealing the moneys thereof, committed in the
county of Hampshire in said State, and that they have fled
from justice in that State and have taken refuge in the
State of New York : and the said governor of Massachusetts
having, in pursuance of the Constitution and laws of the
United States, demanded of me that I shall cause the said
John Leary, James Brady, James Draper and James Grier
to be arrested and delivered to Robert A. Pinkerton, who is

duly authorized to receive them into his custody, and convey them back to the said State of Massachusetts ; and

" WHEREAS, The said representation and demand is accompanied by a copy of the indictment, whereby the said John Leary, James Brady, James Draper and James Grier are charged with the said crime, and with having fled from said State and taken refuge in the State of New York, which is certified by the said governor of Massachusetts to be duly authenticated, you are therefore required to arrest and secure the said John Leary, James Brady, James Draper and James Grier wherever they may be found within the State, and to deliver them into the custody of the said Robert A. Pinkerton, to be taken back to said State from which they fled, pursuant to the said requisition."

*Charles W. Brooke*, for appellant. Courts have jurisdiction to interfere by writ of *habeas corpus* and to examine the grounds upon which an executive warrant for the apprehension of an alleged fugitive from justice from another State is issued. (*Lawrence v. Brady*, 56 N. Y., 187; Const., art. 4, § 2;. 1 U. S. Stat. at Large, 302; *People ex rel. Connor* v. *Brady*, 11 Hun, 89.) The warrant was not conclusive on the relator; he had a right to show that the papers presented to the governor were defective. (*Ex parte Smith*, 3 McLean, 121; *Ex parte Thornton*, 9 Texas, 635; *In re Woodworth*, DANIELS, J., April, 1874; *In re Lawrence*, DANIELS, J., April, 1874; *In re Wishart*, NOAH DAVIS, Ch. J., June, 1875.)

*Winchester Britton*, for respondent. The burden of proving defects of authority to issue the warrant rested with the relator. (*People* v. *Cavanagh*, 2 Park. Cr., 650; *In re Heywood*, 1 Sandf., 712; *People ex rel. Leary* v. *Reilly*, U. S. Dist. Ct., CHOATE, J.; .*Nichols* v. *Cornelius*, 7 Ind., 611; *Brown's Case*, 112 Mass., 409; *In re Manchester*, 5 Cal., 237; *In re Voorhies*, 32 N. J. L. R., 141.) The warrant is conclusive. (U. S. Const., art. 4, § 2; Act of Congress,

February 12, 1793, § 1; *Kentucky* v. *Dennison*, 24 How., 66, 106, 107; Spear on Extradition, 225, 226, 302–304; 13 Am. L. Rev., 189; *State* v. *Bezoin*, 4 Harr., 572; *State* v. *Schlemm*, id., 579; *Johnston* v. *Riley*, 13 Geo., 98; *Kingsbury's Case*, 106 Mass., 170; *State* v. *Daniels*, 6 Penn. L. J., 417; 31 Vt., 288; *In re Voorhies*, 32 N. J. L. R., 141; *In re Clark*, 9 Wend., 212; *People ex rel. Leary* v. *Reilly*, U. S. Dist. Ct., CHOATE, J.; *In re Jackson*, 12 Am. L. Rev., 602; *Ex parte Thornton*, 9 Texas, 635; *Yates* v. *Lansing*, 9 J. R., 395.)

*Per Curiam.* The only material question which seems to be presented in this case is whether a warrant of the governor of this State for the arrest of a fugitive from the justice of another State containing the recital of facts necessary to confer authority under the Constitution and laws of the United States, is a sufficient justification for holding the prisoner when brought up on *habeas corpus*, without producing the papers or evidence upon which the governor acted. We have no doubt but that the recitals are to be taken as *prima facie*, at least, true, and that the return setting forth the warrant containing such recitals, is sufficient. When the affidavit or indictment charging the offence, appears either by the return or otherwise, a very different question is presented. This court has held in the case of an affidavit, that it is competent for the court to examine it, and determine whether a felony has been legally charged, and if not to discharge the prisoner. (*People* v. *Brady*, 56 N. Y., 182.)

The further question whether the warrant is conclusive, and whether it is competent for the prisoner to prove that the papers presented to the governor were defective, it is not needful in this case to determine. There was no offer of any such proof, and the question is not in the case.

We concur with the opinion of GILBERT, J., in the court below upon all the points, without intending to express an opinion upon the conclusiveness of the warrant, and we deem it unnecessary to elaborate the reasons therefor, or to review

the authorities on the subject.    The question of indentity is not reviewable here, and aside from that question, we think that the case was properly disposed of in the court below.

The order should be affirmed.

All concur, except MILLER, J., absent at argument.

Order affirmed.