---

In re RYAN et al.

(Supreme Court, Special Term, New York County. December, 1895.)

1. EXTRADITION—HABEAS CORPUS—SUFFICIENCY OF PAPERS TO CHARGE CRIME.
    Under Code Cr. Proc. § 827, which provides that, when the prisoner in an extradition proceeding from another state shall have been brought before a proper tribunal under the warrant of the governor, he shall be informed of the cause of his arrest, and instructed that, if he claims not to be the particular person mentioned in the warrant, he shall have a writ of habeas corpus to determine that issue. the court, on the hearing on such writ, when in possession of the papers on which the warrant issued, is not restricted to the question of the prisoner's identity, but may determine whether the papers charge him with the commission of a crime.

2. SAME—PRESENCE OF PRISONER IN DEMANDING STATE.
    In such proceeding it must appear on the face of the papers that the prisoner was in the demanding state when the offense charged was committed.

3. SAME—IDENTITY OF PRISONER—ISSUE OF FACT.
    In such proceeding the only question of fact is the identity of the prisoner with the person charged in the papers, and, when evidence to establish it is complete, the court must dismiss the writ of habeas corpus and remand the prisoner.

Proceedings under a writ of habeas corpus to secure the discharge of the relators, Thomas F. Ryan and James Thompson, in custody under a warrant issued by the governor of the state of New York for their extradition to the state of Massachusetts. Writ dismissed.

John R. Fellows, Dist. Atty., and Forbes J. Hennessey, Asst. Dist. Atty., for the People.
M. Meyer, for relators.

BEEKMAN, J. A writ of habeas corpus having been issued in this matter, and a return having been made, evidence has been taken before a referee; and upon the proofs a motion is now made for the discharge of the relators, who are in custody under a warrant issued by the governor of the state of New York for their extradition to the state of Massachusetts, where they are charged, in proceedings which have been taken before a magistrate of that state, with the commission of felony. Briefly stated, the charge is that on the night of

October 31, 1895, at Webster, in the county of Worcester, in the state of Massachusetts, the relators stole certain property, including certain coupon bonds, described as "Three Webster Water Lien Coupon Bonds." It further appears that the relators, both of whom reside in the city of New York, within a short time after the theft, were in possession of the bonds in question, and attempted to sell them. It is claimed upon their part that the bonds were received by the relator Ryan, who was a bartender, from a woman called "Maggie," and that he undertook to dispose of them on her account; that for the purpose of doing so he asked the co-operation of the relator Thompson; and that the broker to whom the bonds were delivered for the purpose of sale, suspecting that they might be the property which had been stolen, communicated with the authorities at Webster. The result of this was that the bonds were identified as the stolen property, the proceedings above mentioned were instituted against the relators, a warrant for their apprehension was issued by a justice of the peace, and a requisition based upon the record thus made was forwarded by the governor of the state of Massachusetts to the governor of this state, together with a certified copy of the record, upon which a warrant of extradition has been issued, a copy of which record is before me.

Section 827 of the Code of Criminal Procedure regulates the proceedings in such cases, and requires that the prisoner arrested under the warrant of the governor shall be taken before a judge of the supreme court or of any superior city court, or the presiding judge of a court of sessions, who shall inform the prisoner of the cause of his arrest and the nature of the process, and instruct him that if he claims not to be the particular person mentioned in the indictment, affidavit, or warrant annexed thereto, or in the warrant issued by the governor thereon, he shall have a writ of habeas corpus upon filing an affidavit to that effect, and that if, after a summary hearing, as speedily as may be consistent with justice, the prisoner shall be found to be the person indicted or informed against, and mentioned in the papers above referred to, then the court or judge shall order and direct the officer intrusted with the execution of the warrant of the governor to deliver the prisoner into the custody of the agent designated in the requisition and the warrant issued thereon as the agent of the state from which the requisition has proceeded; otherwise, he shall be discharged from custody by the court or judge. According to the letter of the statute, at least, the only question which the court can determine is the question of the identity of the prisoner with the person against whom the charge has been made, or with the person named in the warrant of the governor; and I think that, with one exception, this construction is also in accordance with the spirit of the statute, and the legislative intent which led to its enactment. It has been held that, if the papers upon which the governor issued his warrant are before the court, it has the power to determine whether or not they charge the prisoner with the commission of a crime, and that, if it appear upon such an examination that the commission of a criminal offense in the state demanding the extradition is not sufficiently charged, the court has power to discharge

the prisoner upon habeas corpus, notwithstanding the warrant of the governor. People v. Brady, 56 N. Y. 182; People v. Pinkerton, 77 N. Y. 245. It would also seem that it must appear upon the papers that the prisoner is a fugitive from justice, in the sense that he was either present in the state at the time of the commission of the offense charged, or that the crime alleged is of such a character as necessarily to imply the presence of the prisoner within the state at the time it was committed. This excludes a certain class of crimes which may be committed by persons who are not at the time within the state whose laws have been infringed. To be a fugitive from justice, and therefore subject to extradition, it must appear by proof or necessary inference that the prisoner was within the state at the time of the commission of the crime with which he is charged. If the papers upon which the governor's warrant is issued tend to show that the case is one coming within this definition, I do not think that the court has any power to try the question, on habeas corpus, whether the prisoners were or were not, at the time the offense was committed, within the demanding state. In the case at bar a large amount of proof has been taken tending strongly to show that the relators were not in the state of Massachusetts, but in this state, at the time when the bonds in question were stolen. But all of this is really matter of defense to the charge. Upon the trial of the charge in the state of Massachusetts, the commonwealth must make out its case by proving the commission of the theft in question by the relators; and the ground upon which they now seek to be discharged in this state is really the defense of an alibi, which should properly be made and proven upon such trial. It never could have been intended by the legislature, nor is it, I think, a matter of constitutional right with the relators, that such a question as this should be tried and determined in such proceedings as these. It has been repeatedly held that the court has no right, upon a question of extradition, to consider the charge upon its merits, or to undertake, in any way whatsoever, to determine whether it is well founded or not. In re Clark, 9 Wend. 212. At page 221, Chief Justice Savage, in giving the opinion of the court, says:

"But whether he is guilty or not is not the question to be decided here. It is whether he has been properly charged with guilt, according to the constitution and the act of congress. The prisoner does not deny any of the facts set forth in the warrant upon which he has been arrested. It is not denied that the governor of Rhode Island has demanded him as a fugitive from justice. It is not denied that an affidavit charging him with criminality was presented to the governor of New York, nor is it denied that the governor of Rhode Island has certified that the affidavit was properly authenticated. These are the material facts."

I think, therefore, that the law applicable to such cases is: (1) Where the papers upon which the governor acted in issuing his warrant are before the court, it must appear therefrom that the prisoner is duly charged with the commission of a crime in the demanding state. (2) It must also appear upon the face of the papers, either by affirmative allegation or by necessary inference from the nature of the offense charged, that the prisoner was in the demand-

ing state at the time when the offense charged against him was committed, for it is under such circumstances only that he can be held to be a fugitive from justice. (3) The prisoner must also be identified as the person against whom the charge was made, and for whose arrest the warrant of the governor has been issued.

The question of identity, then, is substantially the only question of fact open to challenge by the prisoner. Whatever other questions may be raised are questions of law upon a construction of the record by the court. In the case at bar the evidence of identity is complete. It is beyond dispute that the relators are the persons against whom the Massachusetts warrant has been issued, for whom the governor of that state has made requisition, and who are named in the warrant of the governor of this state, and found by him to be fugitives from justice. That being the case, under the view of the law which I have taken, the only course open for me is to dismiss the writ, and remand the prisoners to the custody of the officers having them in charge. It may very well be that this will involve great hardship, as the evidence certainly tends to show, as I have said, that they were within the state of New York at the time of the alleged offense. But I cannot allow this consideration to affect the disposition of the matter which I believe to be strictly in accordance with law. It cannot be doubted, however, that in the state of Massachusetts they will receive a perfectly fair trial, and their rights will be adequately protected.

Writ dismissed, and prisoners remanded.