PEOPLE ex rel. GENNA v. McLAUGHLIN, Warden.

(Supreme Court, Appellate Division, Second Department. June 29, 1911.)

1. HABEAS CORPUS (§ 103*)—DETERMINATION OF PARTICULAR ISSUES—EXTRA-
   DITION—SUFFICIENCY OF PROOF—"ALIBI."

   Where the defendant in extradition proceedings under Code Cr. Proc. § 827, relating to the surrender of fugitives from another state, traverses the return to the writ by a denial that he was in the state making requisition at the time of the commission of the crime in question, or at any time before or since its commission, the jurisdictional question involved is not whether the defendant was at the scene of the crime at the time of its commission, but whether he was anywhere within the demanding state when the crime was committed, and this latter question

has nothing to do with defendant's guilt or innocence, but concerns the question—whether defendant is a fugitive from justice, and, before a warrant of extradition can be sustained, it must appear as a jurisdictional fact that the defendant is a fugitive from justice—that is, it must be shown that he was actually present in the demanding state when the crime was committed, and mere constructive presence is not enough; but proof of an "alibi," which in its general features consists of proof that the defendant was not at the scene of the crime at the time of its commission, which according to the rule of the common law as to the preponderance of evidence is complete and satisfactory to the court, is sufficient to rebut the prima facie case made by the warrant and to entitle the defendant to a discharge.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 90, 91; Dec. Dig. § 103.*

For other definitions, see Words and Phrases, vol. 1, pp. 298, 299.]

2. COURTS (§ 92*)—PREVIOUS DECISIONS AS CONTROLLING—DICTA.
Any expression of opinion on a question not up for decision is purely obiter, and not in any way controlling.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 335; Dec. Dig. § 92.*]

3. EVIDENCE (§ 584*)—WEIGHT AND SUFFICIENCY—PREPONDERANCE.
In order that a fact may be determined conclusively in any judicial proceeding, it is not necessary that the proof should be without any conflict, nor does proof fall short of being conclusive simply because there is other proof to the contrary.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2424–2427; Dec. Dig. § 584.*]

Appeal from Special Term, Kings County.

Habeas corpus by Vito Genna against William McLaughlin, warden of the city prison, to review an arrest and detention on a warrant of extradition. From an order of Special Term dismissing the writ, prisoner appeals. Order dismissing writ reversed, and matter remitted to the Special Term for determination of the question whether the prisoner is actually a fugitive from justice.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, CARR, and WOODWARD, JJ.

Hector McG. Curren, for appellant.

John F. Clarke, Dist. Atty. (Peter P. Smith, of counsel), for respondent.

CARR, J. An indictment was found in the circuit court of Madison county in the state of Illinois by the grand jury of said county, by which a person named therein as Vito Tony Zuchereo, alias Veta Genna, was charged with the crime of murder in the first degree for the felonious killing of one Leonard Labianca at a place called Collinsville, in said county, on the 16th day of October, 1910. Thereupon the Governor of the state of Illinois made a requisition on the Governor of the state of New York for the arrest and extradition of the person named in the indictment. The Governor of this state issued a warrant of extradition accordingly, and the police of the city of New York arrested as the person named in the warrant of extradition one Veta Genna, a resident of the borough of Brooklyn. The prisoner

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was brought before a justice of the Supreme Court in Kings county, as provided by section 827 of the Code of Criminal Procedure. Thereupon the prisoner denied that he was the person named in the indictment and requisition, and warrant of extradition aforesaid. A writ of habeas corpus was issued to determine the legality of the prisoner's detention. A return was made to the writ, setting up the warrant of extradition, the indictment aforesaid, and the requisition of the Governor of Illinois based thereon. The prisoner traversed the return by denying that he was the particular person named in the indictment. and the other specified papers, and by further denying that he was in the territory of the state of Illinois at the time of the commission of the crime in question, or at any time before or since the commission of said crime. Thereupon the court at Special Term proceeded to take oral proofs on the issues raised by the traverse to the return. On the completion of the proof offered for and against the prisoner, the court handed down a written opinion, in which it declared that it established completely and satisfactorily in its judgment that the prisoner was not in the state of Illinois at the time of the commission of the crime charged in the indictment, but it also declared that, inasmuch as there was a conflict of testimony on this point, it had not the power to determine that the prisoner had not been in the demanding state at the time of the commission of the crime. It thereupon made an order adjudging that the prisoner was the same person named in the warrant of extradition and the requisition and indictment and directing his extradition, but which contained no determination of any other fact put in issue by the pleadings. From that order an appeal was taken to this court. It appears from the opinion of the learned court at Special Term that it was of opinion that the prisoner on the whole case before it had made out by a preponderance of evidence a complete and satisfactory alibi. It said:

"As a matter of evidence the weight appears to be with the relator; in fact, I am convinced that he was not in Illinois at the time the crime is said to have been committed, and that we are in the presence of a case where the proof of an alibi is complete and satisfactory."

Nevertheless, as it declares, it felt itself bound to ignore this "complete and satisfactory" proof of an alibi, because, as it declared, an alibi is a matter of defense at the trial, and cannot be used to defeat extradition. It based this conclusion on the authority of People ex rel. Ryan v. Conlin, 15 Misc. Rep. 303, 36 N. Y. Supp. 888, and upon some expressions of the Court of Appeals in People ex rel. Corkran v. Hyatt, 172 N. Y. 176, 64 N. E. 825, 60 L. R. A. 774, 92 Am. St. Rep. 706, supplemented by a statement of Mr. Moore in section 633 of his work on "Extradition."

[1] How far the learned Special Term was justified in this conclusion we shall now inquire. In this state the only authority which held expressly that the question of an alibi could not be considered on habeas corpus to review a warrant of extradition is that of People ex rel. Ryan v. Conlin, ut supra. That decision was not made by an appellate court. In that case a warrant had issued to deliver a prisoner to the state of Massachusetts. In habeas corpus proceedings

the prisoner gave proof that he was not in the demanding state at the time of the commission of the crime. The court declared that, inasmuch as this proof went to establish an alibi, it was a matter of defense at the trial, and could not be considered on habeas corpus to review the warrant of extradition. The reason given by that court for this conclusion was that it was settled that in proceedings to review a warrant of extradition the guilt or innocence of the prisoner could not be inquired into. Matter of Clark, 9 Wend. 212. Therefore, it argued, as an alibi is concerned with the question of guilt or innocence, it cannot be considered on habeas corpus. It seems to us that this reasoning is clearly unsound. An alibi in its general features consists of proof that the defendant was not at the scene of the crime at the time of its commission. Proof that the prisoner was not in the demanding state at the time of the commission of the crime is necessarily proof that he was not at the scene of the crime. But the question involved in extradition proceedings is not whether the defendant was at the scene of the crime at the time of its commission, but whether he was anywhere within the demanding state when the crime was committed. This latter question had nothing to do with guilt or innocence, but it has all to do with the question whether the prisoner has fled from the demanding state, and is therefore a fugitive from justice.

In Matter of Clark, ut supra, the presence of the prisoner in the demanding state when the crime was committed was not disputed, and hence the question of alibi was not involved. Before a warrant of extradition can be sustained, it must appear as a jurisdictional fact that the prisoner is a fugitive from justice; that is, it must be shown that he was actually present in the demanding state when the crime was committed. Mere constructive presence is not enough. People ex rel. Corkran v. Hyatt, 172 N. Y. 176, 64 N. E. 825, 60 L. R. A. 774, 92 Am. St. Rep. 706; s. c., 188 U. S. 691, 23 Sup. Ct. 456, 47 L. Ed. 657; Ex parte Reggel, 114 U. S. 642, 5 Sup. Ct. 1148, 29 L. Ed. 250; Munsey v. Clough, 196 U. S. 364, 25 Sup. Ct. 282, 49 L. Ed. 515; Appleyard v. Massachusetts, 203 U. S. 222, 27 Sup. Ct. 122, 51 L. Ed. 161; People ex rel. McNichols v. Pease, 207 U. S. 100, 28 Sup. Ct. 58, 52 L. Ed. 121.

In McNichols v. Pease, ut supra, the Supreme Court of the United States, through Harlan, J., reviewing many of its preceding decisions on this question, set forth seven distinct propositions of law which it deemed established by its prior decisions. It was there held that a warrant of extradition in itself made out a prima facie case that the prisoner was a fugitive from justice of the demanding state, that the warrant could be reviewed by habeas corpus, and, in the language of the court itself, that:

"One arrested and held as a fugitive from justice is entitled, of right, upon habeas corpus, to question the lawfulness of his arrest and imprisonment. showing by competent evidence, as a ground for his release, that he was not, within the meaning of the Constitution and laws of the United States, a fugitive from the justice of the demanding state, and thereby overcoming the presumption to the contrary arising from the face of an extradition warrant."

That is the latest expression of that court on this question, and it was made in a case directly involving the so-called question of alibi.

Therefore, if the so-called alibi be of such nature as to establish the absence of the prisoner from the demanding state when the crime was committed, it must be considered on the question of the jurisdictional fact, not whether the prisoner be guilty or innocent, but whether he is in fact a fugitive from justice. Any expression of opinion to the contrary has no longer any basis of authority, either in the federal courts or in the courts of this state.

There are to be found, however, many expressions in the various opinions of the courts which may give rise to some doubt as to the extent and nature of proof required to rebut the presumption arising from extradition papers, regular on their face. This doubt can be removed if we but measure these expressions by the facts of each particular case, and keep in mind the precise question therein involved and decided.

[2] In People ex rel. Corkran v. Hyatt, ut supra, the absence of the prisoner from the demanding state when the alleged crime was committed was conceded by a formal written stipulation. Any expression of opinion as to whether such fact could or could not be established sufficiently on conflicting evidence was purely obiter, and not in any way controlling, for such question was not up for decision. When this last-cited case went to the United States Supreme Court, it was affirmed (188 U. S. 691, 23 Sup. Ct. 456, 47 L. Ed. 657). In the opinion of the United States Supreme Court in that case it is said:

"The indictments in this case named certain dates as the times when the crimes were committed, and where in a proceeding like this there is no proof or offer of proof to show that the crimes were in truth committed on some other day than those named in the indictments, and that the dates therein named were erroneously stated, it is sufficient for the party charged to show that he was not in the state at the times named in the indictments; and when those facts are proved so that there is no dispute in regard to them, and there is no claim of any error in the dates named in the indictments, the facts so proved are sufficient to show that the person was not in the state when the crimes were, if ever, committed."

If it be urged that the court meant that the "facts so proved" must be proved beyond actual dispute, then it is enough to say that such question was not involved in that case, and hence was not actually decided.

In Ex parte Reggel, ut supra, it was said by the same court that where a person held under a warrant of extradition denied that he was a fugitive from the demanding state he "should not be discharged [on habeas corpus] merely because in the judgment of the court the evidence as to his being a fugitive from justice was not as full as might properly have been required, or because it was so meager as, perhaps, to admit of a conclusion different from that reached by him." (The Governor issuing the warrant.) In that case, however, the question of the sufficiency of proof arose only as to the face of the papers themselves; there being no further proofs offered. The court was of opinion that the papers were sufficient on their face, and its expression must be construed with relation to the precise situation then before it.

In Munsey v. Clough, ut supra, a prisoner held under a warrant of extradition sought to review .it on habeas corpus. She put in is-- sue the question whether she had been within the demanding state at the time of the commission of the alleged crime. She offered no evidence, however, to rebut the presumption arising upon the face of the extradition papers, but contented herself with an attempt to show that the papers did not on their face show sufficiently that she was present in the demanding state when the crime was committed. On an examination of the extradition papers the court declared them sufficient on their face to show such presence. Its opinion, how- ever, contains a statement as follows:

"When it is conceded, or when it is so conclusively proved, that no ques- tion can be made that the person was not within the demanding state when the crime is said to have been committed, and his arrest is sought on the ground only of a constructive presence at that time in the demanding state, then the court will discharge the defendant. Hyatt v. Corkran, 188 U. S. 691, 23 Sup. Ct. 456, 47 L. Ed. 657, affirming the judgment of the New York Court of Appeals, 172 N. Y. 176, 64 N. E. 825, 60 L. R. A. 774, 92 Am. St. Rep. 706. But the court will not discharge a defendant arrested under the Gov- ernor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the state, as habeas corpus is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused. As a prima facie case existed for the return of the plaintiff in error, and she refused to give any evidence upon the return of the writ which she had herself sued out. other than the papers before the Governor, no case was made out for her discharge."

It is clearly apparent that a portion of this language of the opin- ion is entirely apart from the question then up for decision. The prisoner had not attempted to rebut by any proofs, the presumptions arising upon the face of the papers, hence there was not involved in the decision of the court any question as to the length to which such rebutting proofs must go in order to meet the prima facie case.

In McNichols v. Pease, ut supra, which is the latest case in the United States Supreme Court on this question, and from which we have quoted above, the question here at bar was squarely before that court. There the prisoner sought to prove that he was not present in the demanding state on the day when the crime was committed. His plea was not ignored on the theory that it was an attempt to prove an alibi, and therefore not cognizable on habeas corpus. On the contrary, the proofs offered were examined carefully, and the court found that said proofs did not rebut the presumption arising on the face of the extradition papers simply because they went no fur- ther than to show that the prisoner was absent from the demanding state during only the afternoon of the day of the commission of the crime, and was present in the afternoon at a place in Illinois not more than an hour and a half's journey from the place of the alleged crime in Wisconsin. It did not appear of record at what hour the crime was done. The court declared the rule applicable as follows:

"When a person is held in custody as a fugitive from justice under an extradition warrant, in proper form, and showing upon its face all that is required by law to be shown as a prerequisite to its being issued, he should not be discharged from custody unless it is made clearly and satisfactorily

to appear that he is not a fugitive from justice within the meaning of the Constitution and laws of the United States."

This part of the opinion in that case is but a reiteration in another form of the matter of which we have quoted earlier from the same ·opinion, as one of the rules deemed by that court to have been fixed finally by its prior decisions.

Suppose, however, that on the whole case the court is of opinion that "it is made clearly and satisfactorily to appear that he [the pris- ·oner] is not a fugitive from justice," must the court refuse to dis- charge the prisoner simply because in the whole case there are con- flicting proofs on this question?    No matter where it has been so .asserted by way of obiter dictum, it has never been so decided actu- ally, so far as I can find after some labor.    At first blush, it may seem that it was so actually decided in Dennison v. Christian, 72 Neb. 703, 101 N. W. 1045, 117 Am. St. Rep. 817, affirmed 196 U. S. 637, 25 Sup. Ct. 795, 49 L. Ed. 630, and in Farrell v. Hawley, 78 Conn. 150, 61 Atl. 502, 112 Am. St. Rep. 98.    An examination of these cas- ·es will show that this question was not involved necessarily in the actual decision in either case.    In the Nebraska case, the prisoner, held on a, warrant of extradition of the Governor of Nebraska, sought to review it on habeas corpus.    He put in issue the question whether he was in the demanding state at the time of the commis- sion of the crime, and evidence was taken on that question, and the ·court refused to find that the prisoner was not a fugitive from jus- tice.    On appeal to the Supreme Court of Nebraska the determina- tion of the lower court was upheld, but the Supreme Court assigned ,as its reason of decision the fact that it appeared in the proceed- ·ings held under the writ of habeas corpus that, before the Governor had issued the warrant in question, the questions of jurisdictional facts were. fairly controverted before him, and that he had taken ev- idence thereon pro and con.    It was there held that in that state its ·courts would not review the determination of the Governor by ha- beas corpus under such circumstances, unless it appeared that the Governor's determination of the controverted facts was erroneous beyond substantial dispute.    In the Connecticut case the question arose, not on proofs actually taken, but on the pleadings.    The pris- ·oner sought to review the Governor's warrant of extradition by ha- beas corpus.    The court held that by the pleadings in the proceeding it appeared that the Governor had held a hearing before issuing the warrant, and had determined that the prisoner was a fugitive from justice.    Under these circumstances, the learned court declared that the Governor's determination should not be reviewed by habeas cor- pus unless it was alleged and proved that there was no evidence be- fore the Governor worthy of serious consideration showing that the prisoner was a fugitive from justice, and it cited Munsey v. Clough, ut supra, as an authority for its ruling.    Both of these cases, how- ever, were decided before the later decision of the United States Supreme Court in McNichols v. Pease, ut supra.    In any event, how- ·ever, they do not cover the case now here at bar, for in this case there is no question of reviewing a determination of the Governor

made after a hearing pro and con of controverted questions of fact. Nor does there appear any controlling reason why this concededly jurisdictional fact should be subject to any other rule as to its proof than that which controls the determination of all other questions of fact at common law.

[3] In order that a fact may be determined conclusively in any judicial proceeding, it is not necessary that the proofs should be without any conflict. Nor does proof fall short of being conclusive simply because there is other proof to the contrary. The true rule should be that this question of jurisdictional fact must be determined by the court as is any other question of fact which it has the power and duty to determine, according to the rule of the common law as to the preponderance of evidence. Any different rule might easily lead to most oppressive consequences, which suggest themselves at once to any observing mind. We are of opinion, therefore, that the learned court at Special Term was in error when it declined to make a determination on the question of whether the prisoner at bar was within the state of Illinois when the crime was committed, in the face of proofs which it has declared, in its opinion, to be "complete and satisfactory," to the effect that he was not there at the time in question.

As was before stated, this question of jurisdictional fact was put in issue by the traverse to the return to the writ of habeas corpus, and must be determined upon the proofs taken by the court before the writ may be dismissed and the prisoner remanded.

We have concluded, therefore, to reverse the order dismissing the writ of habeas corpus and to remit the matter to the Special Term for a determination by it of the question whether the prisoner is actually a fugitive from justice from the state of Illinois, either on the proofs already taken or upon such further proofs as either party, on reasonable opportunity of hearing, may see fit to offer. All concur.