PEOPLE ex rel. DEBONO et al. v. BOARD OF POLICE COM'RS OF CITY
OF NEW YORK.

(Supreme Court, Special Term, New York County.   February, 1915.)

1. HABEAS CORPUS ⬅83—RETURN—RIGHT TO TRAVERSE—EXTRADITION.
    Where the relator in habeas corpus proceedings was held under an
    extradition warrant on a charge of murder issued by the Governor of
    New York on the demand of the Governor of another state, relator had
    a right, on the return of the writ issued pursuant to Cr. Code Proc. §
    827, to traverse the finding on the jurisdictional question whether he was
    within the demanding state when the crime was committed.
    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 75;  Dec.
    Dig. ⬅83.]

2. HABEAS CORPUS ⬅85—EXTRADITION—PRESUMPTION FROM WARRANT—
    PROOF TO OVERCOME.
    Where such relator denied that he was in the demanding state when
    the crime was committed, but from the testimony, though conflicting, it
    could reasonably be inferred that this denial was untrue, the presump-
    tion raised by the extradition warrant was not overcome, and it was
    proper that he be delivered up for trial.
    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 77, 78;
    Dec. Dig. ⬅85.]

Habeas corpus by the People, on the relation of Spero Debono and
another, against the Board of Police Commissioners of the City of New
York.   Writ dismissed.

Mark Alter, of New York City, for relators.
Stanley Richter, of New York City, for respondent.

LEHMAN, J.   [1]  The relator. Velodi is held under a warrant
issued by the Governor upon the demand of the Governor of Virginia
on a charge of murder alleged to have been committed in Alexandria
county, Va., on the 9th day of January, 1915.   The relator, upon the
return of a writ of habeas corpus, issued pursuant to section 827 of the
Code of Criminal Procedure, denies that he was present in the state of
Virginia on that day.   In the case of McNichols v. Pease, 207 U. S.
100, 28 Sup. Ct. 58, 52 L. Ed. 121, the Supreme Court of the United
States, in an opinion by Mr. Justice Harlan, stated that:

After a demand is made for the extradition of an alleged fugitive from jus-
tice charged with a crime upon papers in proper form by the Governor of one
state upon the Governor of another state, "if it be determined that the al-
leged criminal is a fugitive from justice—whether such determination be
based upon the requisition and accompanying papers in proper form, or after
an original, independent inquiry into the facts—and if a warrant of arrest is
issued after such determination, the warrant will be regarded as making a
prima facie case in favor of the demanding state, and as requiring the re-
moval of the alleged criminal to the state in which he stands charged with
crime, unless in some appropriate proceeding it is made to appear that he is
not a fugitive from the justice of the demanding state.  A proceeding by ha-
beas corpus in a court of competent jurisdiction is appropriate for determin-
ing whether the accused is subject, in virtue of the warrant of arrest, to be
taken as a fugitive from the justice of the state in which he is found to the
state whose laws he is charged with violating.  One arrested and held as a
fugitive from justice is entitled of right, upon habeas corpus, to question the

lawfulness of his arrest and imprisonment, showing by competent evidence, as a ground for his release, that he was not, within the meaning of the Constitution and laws of the United States, a fugitive from the justice of the demanding state, and thereby overcoming the presumption to the contrary arising from the face of an extradition warrant."

Under the authority of this case, as well as under the authority of the opinion of the Court of Appeals of this state in the case of People ex rel. Corkran v. Hyatt, 172 N. Y. 176, 64 N. E. 825, 60 L. R. A. 774, 92 Am. St. Rep. 706, there can be no question but that the relator has upon the return of a writ of habeas corpus the right to traverse the finding of the Governor upon the jurisdictional question of whether he is a fugitive from the justice of the state of Virginia, or, in other words, whether he was within the state of Virginia at the time of the commission of the alleged crime. At the oral hearing upon the trial of this issue it was conceded that the alleged murder was committed within a half hour after midnight on January 9th. The relator positively denied that he was in Virginia, or outside of New York City, at any time during the month of January, and testified to his doings at each hour of January 9th. He further produced one witness who testified that she went with the relator to a moving picture show on the night of January 9th, and returned home with him about 10 o'clock, and another witness who testified that he was with him from 10:30 till after 1 that night. Of course, if that testimony is true, then the relator could not have been in Virginia at the time of the commission of the alleged crime, and is therefore not a fugitive from justice within the meaning of the Constitution. On the other hand, the state of Virginia produced two witnesses who testified positively that they saw the relator within a mile of the place where the murder was committed at half-past 9 that night.

[2] The question, therefore, presented before me, is whether this testimony of the relator, contradicted as it is by testimony produced by the state of Virginia, is sufficient to overcome the presumption arising from the face of the extradition warrant. In the case of McNichols v. Pease, supra, the court stated that:

"When a person is held in custody as a fugitive from justice under an extradition warrant. in proper form, and showing upon its face all that is required by law to be shown as a prerequisite to its being issued, he should not be discharged from custody unless it is made clearly and satisfactorily to appear that he is not a fugitive from justice within the meaning of the Constitution and laws of the United States."

Upon the question of whether evidence produced by the relator, which is substantially contradicted, is sufficient for such purpose, there seems no judicial unanimity. In the case of People ex rel. Genna v. McLaughlin, 145 App. Div. 513, 130 N. Y. Supp. 458, followed by the court in People ex rel. Fuchs v. Police Commissioner, 83 Misc. Rep. 643, 146 N. Y. Supp. 781, the Appellate Division of the Second Department stated:

"The true rule should be that this question of jurisdictional fact must be determined by the court as is any other question of fact which it has the power and duty to determine, according to the rule of the common law as to the preponderance of evidence."

This statement of the rule of law was, however, in no wise required by the decision in that case, and is in direct conflict with the statement of the law laid down, though also only as a dictum, in the case of Munsey v. Clough, 196 U. S. 364, 25 Sup. Ct. 282, 49 L. Ed. 515:

"When it is conceded, or when it is so conclusively proved, that no question can be made that the person was not within the demanding state when the crime is said to have been committed, and his arrest is sought on the ground only of a constructive presence at that time in the demanding state, then the court will discharge the defendant. Hyatt v. Corkran, 188 U. S. 691 [23 Sup. Ct. 456, 47 L. Ed. 657], affirming the judgment of the New York Court of Appeals in 172 N. Y. 176 [64 N. E. 825, 60 L. R. A. 774]. But the court will not discharge a defendant arrested under the Governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the state, as habeas corpus is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused."

Such a statement of the law, even though obiter, can hardly be swept away lightly as a dictum, especially when it is in line with the views expressed by the Court of Appeals in People ex rel. Corkran v. Hyatt, supra. It seems to me that the true rule is that in order to constitute clear and satisfactory proof the evidence produced by the relator must be either undisputed or at least so convincing that the court can reasonably hold that the relator should not be put on trial. If the testimony produced is so conflicting that a reasonable inference can be drawn that the relator was within the demanding state at the time of the commission of the alleged crime, then the relator should be delivered up for an orderly trial, for the presumption raised by the face of the warrant is not overcome.

In this case the conflict of evidence is certainly substantial, and I believe, even if measured by the rule of preponderance of evidence, the relator has failed to show that he is not a fugitive from justice   Writ is therefore dismissed.

Writ dismissed.