THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALEXANDER A. MACARTHUR, Relator, *v.* THE WARDEN OF THE PENITENTIARY, Respondent.

Supreme Court, New York Special Term, February, 1923.

**Extradition — governor not bound by refusal of his predecessor — evidence — writ of habeas corpus dismissed.**

The governor of the state, notwithstanding the refusal of his predecessor in office to grant extradition, has ample authority to issue a new warrant for the extradition of an alleged fugitive from justice.

The conclusions of the governor upon which demand is made evinced by the warrant of arrest must stand in a habeas corpus proceeding unless clearly overthrown.

Where upon habeas corpus the testimony as to whether the relator was absent from the demanding state on the date when it is charged that the crime was committed by him is so conflicting that a reasonable inference can be drawn that he was within that state on the date in question, it must be held that the presumption arising on the face of the warrant was not overcome and the writ will, therefore, be dismissed and the relator, who was positively identified by the complaining witness as the person who committed the alleged crime, will be delivered up for trial.

PROCEEDINGS on writ of habeas corpus.

*Emil E. Fuchs* (*Nelson Olcott* and *Samuel D. Kessler,* of counsel), for relator.

*Joab H. Banton,* district attorney (*Michael J. Driscoll,* deputy assistant district attorney, of counsel), for respondent.

GIEGERICH, J. It would appear from an examination of the authorities that Governor Smith had, notwithstanding Governor Miller's refusal to grant extradition, ample authority to issue a new warrant for the extradition of the relator. *Work* v. *Corrington,* 34 Ohio St. 64; *Kurtz* v. *State of Florida,* 22 Fla. 36; *People ex rel. Corkran* v. *Hyatt,* 172 N. Y. 176. Such being the case, the question arises whether or not the relator is a fugitive from justice. As pointed out in *Hogan* v. *O'Neill,* 255 U. S. 52, that question is for the determination of the governor of the state upon which demand is made, whose conclusions, evinced by the warrant of arrest, must stand in habeas corpus unless clearly overthrown. The case just cited is the last expression of the Supreme Court of the United States upon the subject, and as shown by Mr. Justice Bijur in *People ex rel. La Rocque* v. *Enright,* 115 Misc. Rep. 206, that case and *Biddinger* v. *Comm'r. of Police,* 245 U. S. 128, have been decided since *People ex rel. Genna* v. *McLaughlin,* 145 App. Div. 513, cited by Governor Miller in his opinion rendered on the former requisition for the extradition of the relator. Commenting upon such cases in the *La Rocque* case, Mr. Justice Bijur at page 210, said: " Since the decision in the *Genna* case, however, there have been two decisions of the Federal Supreme Court which substantially restate its position that the issue of fact whether the accused was in the demanding state at the time of the commission of the crime is not to be determined in the same way as any other question of fact according to the ordinary preponderance of evidence." The relator claims that the greater weight of evidence establishes the fact that the relator was absent from the state of New Jersey on the 10th day of October, 1921. The evidence, however, does not appear to support such contention. On the contrary, it would appear that the testimony upon this point is so conflicting that a reasonable inference can be drawn that the relator was within the demanding state on the date in question when it is charged the alleged crime was committed. The relator has, therefore, not succeeded in overcoming the presumption raised by the face of the warrant. He was positively identified by the complaining witness as the person who committed the alleged crime, and in view of all the evidence the relator should be delivered up for an orderly trial. *People ex rel. Debono* v. *Bd. of Police Comrs.,* 89 Misc. Rep. 248. The writ should, therefore, be dismissed.

Writ dismissed.