The People of the State of New York ex rel. Edward Steel, Relator, *v.* Edward Mulrooney, Commissioner of Police of the City of New York, Respondent.

Supreme Court, New York County, March 19, 1931.

*White & Stillman,* for the relator.

*Thomas C. T. Crain, District Attorney [Michael J. Driscoll, Deputy Assistant District Attorney],* for the respondent.

Hammer, J. The relator has been taken into custody upon a rendition warrant issued by the Governor of this State upon requisition of the Governor of Florida upon the ground that he is a fugitive from justice from that State. There he is charged with the crime of larceny of the sum of $35,000. The relator questioning the legality of his detention has sued out a writ of habeas corpus upon the hearing of which he has adduced evidence tending to show (1)

that he was not present in the demanding State at the time of the commission of the alleged crime, and (2) that he is not the person named in the warrant and charged with the crime. As to the first contention, the rule of law is that the relator must " conclusively " establish that he was not present in the demanding State at the time of the commission of the crime. (*Biddinger* v. *Commissioner of Police*, 245 U. S. 128; *Hogan* v. *O' Neill*, 255 id. 52.) This is not to be determined in the same manner as other questions of fact, according to the ordinary preponderance of the evidence as apparently was formerly held in *People ex rel. Genna* v. *McLoughlin* (145 App. Div. 513) and as here contended by the relator, but must be conclusively established. (*Biddinger* v. *Commissioner, etc., supra; Hogan* v. *O' Neill, supra; People ex rel. Fong* v. *Honeck*, 253 N. Y. 536, which although reversing the conclusion of fact and decision, sustained the rule enunciated in the same case in 227 App. Div. 436; and *People ex rel. Gottchalk* v. *Brown*, 237 N. Y. 483.) The burden is upon the relator to show by conclusive evidence that he is not a fugitive from justice. (*Ex parte Montgomery*, 244 Fed. 967; affd., 246 U. S. 656.) His evidence, allowing due consideration to weight and credibility, must be clear and convincing and lead without question to such finding. He must show without contradiction and upon stated facts that he was not in the demanding State. If the evidence is conflicting and a reasonable inference can be drawn that the relator was within the demanding State at the time of the commission of the alleged crime, the relator should be delivered up for an orderly trial. (*People ex rel. Debono* v. *Bd. of Police Commissioners, etc.*, 89 Misc. 248.) (See, also, *People ex rel. LaRocque* v. *Enright*, 115 Misc. 206.) The testimony of several witnesses taken by deposition in California tended to identify a man shown in three photographs annexed to such deposition as E. Haviland Baldwin and to show that said Baldwin was at the Del Monte Hotel, Del Monte, Monterey county, Cal., and had been playing golf on the Del Monte golf course and other nearby courses during the period and at the times the relator is charged with having committed the crime alleged in the demanding State of Florida. There is also evidence of a financial transaction by the said Baldwin in California at and during such period and time.

The identity of relator as Baldwin and the man in said photographs was testified to by the relator. He also testified he was a golfer earning his livelihood by playing exhibition golf and golf matches, and that he was in California at the times and places as testified to in the depositions and played golf there as testified.

The relator apparently relies mainly upon two cases, *People*

*ex rel. Genna* v. *McLoughlin* (*supra*), which, as shown above, does not correctly state the rule of law applicable, and *People ex rel. Corkran* v. *Hyatt* (172 N. Y. 176; affd., *sub nom. Hyatt* v. *Corkran*, 188 U. S. 691). While the latter correctly stated the rule, when applying it in that case, it was pointed out that there was a stipulation that the relator was not actually within the demanding State at the time of the commission of the crime charged and held that relator there " showed without contradiction [*i. e.*, conclusively] and upon conceded facts that he was not within the State of Tennessee at the times stated in the indictments [and therefore] * * * he was not a fugitive from justice within the meaning of the Federal statute upon that subject * * *." (Words in brackets mine.)

Mr. Justice PECKHAM (who wrote the *Hyatt* v. *Corkran* opinion in the United States Supreme Court), in *Munsey* v. *Clough* (196 U. S. 364, 374), said: " When it is conceded, or when it is so conclusively proved that no question can be made, that the person was not within the demanding state when the crime is said to have been committed, and his arrest is sought on the ground only of a constructive presence at that time in the demanding State, then the court will discharge the defendant. *Hyatt* v. *Corkran*, 188 U. S. 691; affirming the judgment of the New York Court of Appeals, 172 N. Y. 176. But the court will not discharge a defendant, arrested under the governor's warrant, where there is merely contradictory evidence on the subject of presence in or absence from the state, as *habeas corpus* is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused."

In *Biddinger* v. *Commissioner of Police* (*supra*), Mr. Justice CLARKE in the United States Supreme Court, in referring to habeas corpus proceedings, said: " The scope and limits of the hearing on habeas corpus in such cases has not been, perhaps it should not be, determined with precision. Doubt as to the jurisdiction of the courts to review at all the executive conclusion that the person accused is a fugitive from justice has more than once been stated in the decisions of this court (*Ex parte Reggel*, 114 U. S. 642; *Roberts* v. *Riley*, 116 U. S. 80; *Appleyard* v. *Massachusetts*, 203 U. S. 222); but the question not being necessary for the disposition of the cases in which it is touched upon, as it is not in this, it is left undecided. This much, however, the decisions of this court make clear; that the proceeding is a summary one, to be kept within narrow bounds, not less for the protection of the liberty of the citizen than in the public interest; that when the extradition papers required by the statute are in the proper form the only evidence sanctioned by

this court as admissible on such a hearing is such as tends to prove that the accused was not in the demanding state at the time the crime is alleged to have been committed; and, frequently and emphatically, that defenses cannot be entertained on such a hearing, but must be referred for investigation to the trial of the case in the courts of the demanding state."

In *Hogan* v. *O'Neill* (*supra*), Mr. Justice PITNEY in the United States Supreme Court said: "Whether in fact he [relator] was a fugitive from justice was for the determination of the Governor of New Jersey. * * * This conclusion must stand, unless clearly overthrown, which appellant has not succeeded in doing."

The relator's second contention is that his name, E. Hamilton Baldwin, does not appear in the warrant and none of the other names therein identify him as the person wanted thereby and who is charged with the crime. On the part of the People the two complaining witnesses at the hearing positively and unequivocally identified the relator as the man who committed the larceny, and who told them at the time that his name was James Fowler. That name is in the warrant. The petition in this proceeding is signed and verified by one of relator's attorneys as attorney for Edward Steele, also one of the names in the warrant. The name E. Haviland Baldwin does not appear in such petition. During the hearing relator's counsel at times referred to him as Steele. Although relator at the hearing denied that he was known by every other name or alias given in the warrant, he did not deny that he was known as Edward Steele.

Since the relator's identity as the person wanted by the warrant and charged with the crime and his use of one or more of the names in the warrant have been established, whether or not relator was also known by other names is unimportant. It is not a question of the names in the warrant, but one of identity of the relator as the person against whom the charge is made and for whose arrest the warrant of the Governor has been issued. The question is: Is this the person who has been charged with a crime in the State of Florida and who has fled to this State? (*People ex rel. Edelstein* v. *Warden of City Prison*, 138 N. Y. Supp. 1095.) On this point there can be no question for the very reason that the persons who complain that this very relator committed the larceny against them personally, and upon whose complaint the charge is made, and by reason of which the warrant of the Governor was issued, have identified the relator as such person. The demanding State has fully met the required burden of proof. (Scott and Roe, Law of Habeas Corpus, p. 404; *Barnes* v. *Nelson*, 23 S. D. 181; *Ryan* v. *Rogers*, 21 Wyo. 311; *People ex rel. Nubell* v. *Brynes*, 33 Hun, 98;

*People ex rel. Ryan* v. *Conlin,* 15 Misc. 303; *People ex rel. Draper* v. *Pinkerton,* 17 Hun, 199; affd., 77 N. Y. 245.)

In my opinion, therefore, it has not been conclusively shown that relator was not present in the demanding State at the time of the commission of the alleged crime and it has been established that he is the person named in the warrant and charged with the crime.

Writ, therefore, is dismissed and relator remanded to custody.