Ex parte LEWIS RABINWITZ.

No. A-9262.    March 11, 1937.
(65 Pac. [2d] 1236.)

Tant, Stokes & Estes and J. D. Lydick, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Fred Cunningham, Pardon and Parole Atty., and John Reading, City Atty., for the State.

BAREFOOT, J. The relator has been taken into custody upon a warrant issued by the Governor of this state, upon a requisition of the Governor of Montana, upon the ground that he is a fugitive from justice from that state.

There he is charged with the crime of obtaining money under false pretense in the sum of $440. The relator, questioning the legality of his detention, sued out a writ of habeas corpus in the district court of Oklahoma county, which said writ was denied. Relator then sued out a writ of habeas corpus in this court, alleging that he is being illegally restrained of his liberty and unlawfully imprisoned and restrained by Stanley Rogers, sheriff of Oklahoma county; it being his contention that he was not present in the demanding state at the time of the commission of the alleged crime. He states that he was charged with the commission of the crime in Great Falls, Mont., on the 28th day of May, 1936, and that on that date he was in the town of Humphreys, Mo.

When this cause came on for hearing, the same was continued, and both sides were given permission to take depositions, and depositions were taken by each of the parties and were all filed and read at the hearing in the case. Oral testimony was also given.

It is admitted by relator that the extradition papers from the state of Montana are regular upon their face, and they do not in any way question the legality of said papers; their sole contention being that the relator was

not in the demanding state at the time that he crime was committed, and is not a fugitive from justice from that state.

The testimony at the hearing was in direct conflict. Twenty-one witnesses testified for relator, testifying that he was in the town of Humphreys, Mo., on the 26th, 27th, and 28th of May, 1936, attending the funeral of his mother-in-law, who had died on the 26th, and was buried on the 27th, and that he was present in that city on the 28th day of May, and attended a dinner until about 2 o'clock p. m., and afterwards left there in the evening of that date for Kansas City.

The evidence by the demanding state of Montana was of three witnesses, including the prosecuting witness, who positively identified the photograph of relator as being the person who was present in Great Falls, Mont., at 11 o'clock on the 28th day of May, 1936; the photograph having been taken of the relator after he was arrested in Oklahoma City.

The evidence showed that the relator was in the diamond business, and at the time of his arrest had in his possession diamonds valued in the sum of $27,000.

The charge in the information against the relator was that he, under the name of Dave Goldberg, was present with one Michael Montinescu, and that they sold four diamonds to a priest by the name of Rev. Joseph Peters, for the sum of $440, which they represented to be of the value of $1,000, and which in truth and in fact were practically worthless.

It will thus be seen that the testimony offered at the hearing before this court was of conflicting nature. Attorneys for relator read to the court, at the hearing, from

the case of People ex rel. Genna v. McLaughlin, 145 App. Div. 513, 130 N. Y. S. 458, 461. In this case it is held:

"Before a warrant of extradition can be sustained, it must appear as a jurisdictional fact that the prisoner is a fugitive from justice; that is, it must be shown that he was actually present in the demanding state when the crime was committed."

And the court holds:

"The true rule should be that this question of jurisdictional fact must be determined by the court as is any other question of fact which it has the power and duty to determine, according to the rule of the common law as to the preponderance of evidence."

In other words, the court in this case holds that it only has to be proven by a preponderance of the testimony.

The doctrine in this case has been specifically overruled in the case of People ex rel. Steele v. Mulrooney, 139 Misc. 525, 248 N. Y. S. 520, 521, where the court says:

"As to the first contention, the rule of law is that the relator must 'conclusively' establish that he was not present in the demanding state at the time of the commission of the crime. Biddinger v. Commissioner of Police of City of New York, 245 U. S. 128, 134, 38 S. Ct. 41, 43, 62 L. Ed. 193; Hogan v. O'Neill, 255 U. S. 52, 56, 41 S. Ct. 222, 223, 65 L. Ed. 497. This is not to be determined in the same manner as other questions of facts, according to the ordinary preponderance of the evidence, as apparently was formerly held in People ex rel. Genna v. McLaughlin, 145 App. Div. 513, 130 N. Y. S. 458, and as here contended by the relator, but must be conclusively established."

The court further on in the opinion used this expression: "The relator apparently relies mainly upon two cases, People ex rel. Genna v. McLaughlin, supra, which, as shown above, does not correctly state the rule of law applicable."

In the case of People ex rel. Hauptmann v. Hanley, from the Supreme Court of New York County, 153 Misc. 61, 274 N. Y. S. 813, 817, the court says:

"When the relator contends he was not present in the demanding state at the time of the commission of the crime, the rule of law is, he must 'conclusively' establish that he was not present. * * * While People ex rel. Genna v. McLaughlin, 145 App. Div. 513, 130 N. Y. S. 458, seems to be authority for determining such claim by the preponderance of the evidence, the rule of law now is that it must be conclusively established."

The Supreme Court of the United States, in the case of Hyatt v. New York ex rel. Corkran, 188 U. S. 691, 23 S. Ct. 456, 459, 47 L. Ed. 657, where the agreed statement of facts stated that relator was not in the demanding state on the date alleged in the indictment, in the opinion used this language:

"If upon a question of fact, made before the governor, which he ought to decide, there were evidence pro and con, the courts might not be justified in reviewing the decision of the governor upon such question. In a case like that, where there was some evidence sustaining the finding, the courts might regard the decision of the governor as conclusive."

See, also, Roberts v. Reilly, 116 U. S. 80, 6 S. Ct. 291, 29 L. Ed. 544.

In the case of Illinois ex rel. McNichols v. Pease, 207 U. S. 100, 28 S. Ct. 58, 62, 52 L .Ed. 121, Judge Harlan reviews all the cases that had been presented to the Supreme court of the United States prior to that time and gives a summary of all facts necessary to be proved by both the demanding state and the relator in cases of this character, and then says:

"When a person is held in custody as a fugitive from justice under an extradition warrant, in proper form, and showing upon its face all that is required by law to be shown as a prerequisite to its being issued, he should not be discharged from custody unless it is made clearly and satisfactorily to appear that he is not a fugitive from justice within the meaning of the Constitution and laws of the United States. We may repeat the thought expressed in Appleyard's Case [203 U. S. 222, 27 S. Ct. 122, 51 L. Ed. 161, 7 Ann. Cas. 1073], above cited, that a faithful vigorous enforcement of the constitutional and statutory provisions relating to fugitives from justice is vital to the harmony and welfare of the states, and that 'while a state should take care, within the limits of the law, that the * * * provisions of the Constitution be not so narrowly interpreted as to enable offenders against the law of a state to find a permanent asylum in the territory of another state.' "

In the case of People v. Mulrooney, supra, the court, further quoting from the case of Munsey v. Clough, 196 U. S. 364, 25 S. Ct. 282, 49 L. Ed. 515, in the opinion delivered by Mr. Justice Peckham, says:

" 'But the court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the state, as habeas corpus is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused.'

"In Biddinger v. Commissioner of Police of City of New York, supra, Mr. Justice Clarke in the United States Supreme Court, in referring to habeas corpus proceedings, said:

" 'The scope and limits of the hearing on habeas corpus in such cases has not been, perhaps it should not be, determined with precision. Doubt as to the jurisdiction of the courts to review at all the executive conclusion that the person accused is a fugitive from justice has more

than once been stated in the decisions of this court. Ex parte Reggel, 114 U. S. 642, 5 S. Ct. 1148, 29 L. Ed. 250; Roberts v. Reilly, 116 U. S. 80, 6 S. Ct. 291, 29 L. Ed. 544; Appleyard v. Massachusetts, 203 U. S. 222, 27 S. Ct. 122, 51 L. Ed. 161, 7 Ann. Cas. 1073, but the question not being necessary for the disposition of the cases in which it is touched upon, as it is not in this, it is left undecided. This much, however, the decisions of this court make clear: That the proceeding is a summary one, to be kept within narrow bounds, not less for the protection of the liberty of the citizen than in the public interest; that when the extradition papers required by the statute are in the proper form the only evidence sanctioned by this court as admissible on such a hearing is such as tends to prove that the accused was not in the demanding state at the time the crime is alleged to have been committed; and, frequently and emphatically, that defenses cannot be entertained on such a hearing, but must be referred for investigation to the trial of the case in the courts of the demanding state.' "

"In Hogan v. O'Neill, supra, Mr. Justice Pitney in the United States Supreme Court said:

" 'Whether in fact (the relator) was a fugitive from justice was for the determination of the Governor of New Jersey. * * * This conclusion must stand unless clearly overthrown, which appellant has not succeeded in doing."

It is our opinion, therefore, that there being a conflict in the testimony as to whether or not the relator was in the demanding state at the time alleged in the information, that it has not been conclusively shown that he was not present in said demanding state and that the writ in this case should be dismissed and relator remanded to the custody of the sheriff of Oklahoma county.

DAVENPORT, P. J., and DOYLE, J., concur.