THE PEOPLE OF THE STATE OF NEW YORK ex rel. MOLLIE LEVIN, Relator, against WARDEN OF THE WOMEN'S PRISON, Defendant.

Supreme Court, Special Term, New York County, September 10, 1946.

*Jacob W. Friedman* and *Fred Kaplan* for relator.

*Frank S. Hogan, District Attorney* (*Ernest A. Mitler* and *William P. Rogers* of counsel), for defendant.

DICKSTEIN, J. In this habeas corpus proceeding, relator contests extradition to the State of New Jersey. The main contention urged is that relator was not in the State of New Jersey at the time of the commission of the crimes charged against her. Relator was arrested as a fugitive from justice upon a warrant of the Governor of New York based upon a requisition from the Governor of New Jersey for her rendition. The requisition was predicated upon a complaint charging that relator, on July 18, 1946, entered the premises of complainant in Montclair, New Jersey, and stole jewelry valued in excess of $66,000.

The rule governing the quantum of evidence necessary to sustain a claim of absence from the demanding State at the time of the alleged commission of the crime was stated in *People ex rel. Hauptmann* v. *Hanley* (153 Misc. 61, 63), where the court said: " When the relator contends he was not present in the demanding State at the time of the commission of the crime the rule of law is, he must ' conclusively ' establish that he was not present. * * * The relator's evidence must be clear and convincing. He must show by uncontradicted facts that he was not in the demanding State. If the evidence is conflicting and reasonable inference can be drawn that the relator was within the demanding State, he should be delivered up for trial. (*People ex rel. Debono* v. *Bd. of Police Commissioners,* 89 Misc. 248; *People ex rel. LaRocque* v. *Enright,* 115 id. 206; *People ex rel. Steel* v. *Mulrooney, supra* [139 Misc. 525].) "

A habeas corpus proceeding is no substitute for the trial of a defense of alibi where there is contradictory evidence. Under such circumstances, an alibi defense must be urged upon a trial in the demanding State.

The evidence adduced before me at the hearings must be considered in the light of these criteria. The defendant produced three witnesses who positively identified the relator as the person they saw and spoke to in Montclair, New Jersey, on July 18, 1946. While their identification was weakened by the fact that they only saw relator for a few minutes, had never seen her before, and that two of them say her only through a screen

door, it cannot be said that their testimony is incredible and must be disregarded. Moreover, other circumstances such as showing the witnesses police photographs · before identifying relator when she was in custody, the manner in which identification was made in the House of Detention, and the failure to trace any of the stolen property to relator, tend to bolster relator's claim of mistaken identity.

But after considering all of these factors, and giving the relator the benefit of the most favorable inference from the testimony of her witnesses, all that can be said is that the evidence presents a serious contradiction as to whether relator was in Montclair, New Jersey, or at her place of business in New York City at or about the time of the alleged commission of the crime. Yet, creating a factual issue is a far cry from showing " conclusively and satisfactorily " that relator was not in the demanding State at the time of the commission of the crime. That conflict must be resolved by a trial court in the demanding State.

Were I sitting as a trial court I would be inclined to rule that the evidence preponderates in relator's favor. But since this is a habeas corpus proceeding, I must find that relator has failed to satisfy the requirements of the burden of proof the law places upon her.

The procedural objections raised by relator are without merit. The formal written return signed by the Superintendent of the Women's House of Detention was sufficient to meet the requirements of sections 1244 and 1245 of the Civil Practice Act. With respect to authentication of the papers upon which the requisition was based, it appears that the requisition signed by the Governor of New Jersey contains a statement that the papers annexed to it are certified " to be authentic and duly authenticated in accordance with the laws of this State." Those papers included the affidavit of the complainant sworn to before a recorder. This affidavit was sufficient upon which to base the requisition of the Governor of New Jersey and I hold it was duly authenticated by said Governor. That the Governor of New Jersey may have been apprised of other data in the case by means of other affidavits or otherwise seems immaterial, since the affidavit upon which the Governor relied in making the requisition is sufficient to uphold it. A habeas corpus proceeding should not be used as a means indirectly to obtain all of the evidence of the prosecution, but solely to resolve the issues directly presented.

The writ is dismissed. Settle order.