No. 10,155.

WILLIAMS, CHIEF OF POLICE, ET AL. v. ROBINSON.

Decided January 8, 1923.

Habeas corpus proceeding.    Petitioner discharged.

*Reversed.*

1. APPEAL AND ERROR—*Habeas Corpus—New Trial.* In a habeas corpus proceeding, where the person in custody is discharged, motion for a new trial is not a prerequisite to a review of the judgment.

2. HABEAS CORPUS—*Nature of Proceeding—Power of Court.* Habeas corpus is a special proceeding, and the court issuing the writ has no authority to try the case on its merits.

3.      *Extradition—Power of Court.* Where the matter involved in
a habeas corpus proceeding is the extradition of a fugitive from
justice, the court can look no further than the regularity of the
papers, and if these are in due form, the prisoner cannot be
lawfully discharged.

*Error to the District Court of the City and County of Den-*
*ver, Hon. Warren A. Haggott, Judge.*

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES
R. CONLEE, assistant, Mr. PHILIP S. VAN CISE, district at-
torney, Mr. JAMES E. GARRIGUES, assistant, Mr. KENNETH
W. ROBINSON, deputy, for plaintiffs in error.

Mr. JOHN T. MALEY, Mr. JOHN F. ROTRUCK, for defend-
ant in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE defendant in error sued out a writ of habeas corpus
in the district court of the City and County of Denver on
a petition alleging that he was unlawfully imprisoned by
the plaintiff, chief of police of the City and County of
Denver. Plaintiff in error made return to the writ that
he held the petitioner under an extradition warrant from
the Governor of Colorado issued upon a requisition from
the Governor of California, demanding the return of the
petitioner as a fugitive from justice from that state. The
petitioner made answer to the return denying the com-
mission of the offense charged. Upon a hearing before
the district court testimony was admitted, over the objec-
tion of the state, upon the question of the petitioner's guilt
of the charge under which he had been arrested. The
court, according to his own statement, pronounced upon
the merits of the case, and discharged the prisoner from
custody.

It is contended that under rule 8 of the rules of this
court we cannot consider the questions raised by plaintiff
in error, because no motion for a new trial was filed. We

cannot agree with this contention. A motion for a new trial was not necessary. The petitioner having been discharged, a new trial would be wholly futile. The granting of such a motion would not restore the petitioner to the custody of the officer. It is an established rule of interpretation that the law does not require useless or vain things.

The supreme court of Utah in *Winnovich v. Emery,* 33 Utah, 345, 93 Pac. 988, considered the nature of a proceeding in habeas corpus very carefully and held that it is a "special proceeding." It is clear that the trial court had no authority to try the case on its merits. That was a matter for the courts of California. The court had no more authority than has the governor, to look farther than to the regularity of the papers. No attack was made upon their regularity. It is not denied that the petitioner was in California at the time the offense is alleged to have been committed, and, the papers being regular, there was no ground upon which he could lawfully be discharged.

The cause is accordingly reversed.