Argued January 11, reversed February 13, motion to retax costs
denied March 13, 1923.

## SHAUGHNESSY *v.* KIMBALL.

(212 Pac. 485; 213 Pac. 135.)

**Costs—Prevailing Party Fee Should be Taxed on Appeal, Whether
or not Cost Bill Filed.**

Under Section 565, Or. L., providing that in the Supreme Court on
appeal costs will be allowed to the prevailing party in the sum of
$15, the prevailing party fee should be taxed by the clerk, whether
the cost bill is filed or not, under rule 31 of the Supreme Court
(173 Pac. xi), where the appeal is separate and distinct from an-
other, in which the brief was used, and which were heard together.

From Klamath: D. V. KUYKENDALL, Judge.

In Banc.

Plaintiff appeals from a judgment in favor of de-
fendant for the sum of $250 with interest.

REVERSED.    MOTION TO RETAX COSTS DENIED.

For appellant there was a brief and oral argument
by *E. L. Elliott.*

For respondent there was a brief over the names
of *Mr. W. H. A. Renner* and *Mr. John Beardsley,*
with an oral argument by *Mr. Renner.*

BEAN, J.—As stated in plaintiff's brief, the main
facts, law and procedure in this case are practically
the same, except as to minor details, as those in the
case of *J. Shaughnessy* v. *J. Curtis Kimball and Jes-
sie Y. Kimball,* in which an opinion has been this
day rendered. What we said in that opinion in regard
to the motion and affidavit for change of judge ap-
plies to this case. For the reasons therein stated
the judgment of the trial court is reversed and the
cause remanded.

REVERSED AND REMANDED.    MOTION TO RETAX
COSTS DENIED.

Motion to retax costs denied March 13, 1923.

### ON MOTION TO RETAX COSTS.

(213 Pac. 135.)

*Mr. W. H. A. Renner* and *Mr. John Beardsley,* for the motion.

*Mr. E. L. Elliott, contra.*

In Banc.

BEAN, J.—Defendant objects to the item of "prevailing party fee," $15, in plaintiff's cost bill as not warranted by law, presumably for the reason that a similar case, that of *J. Shaughnessy* v. *J. Curtis Kimball and Jessie Y. Kimball,* in which the brief was combined with the present case, was heard at the same time. Section 565, Or. L., provides that in the Supreme Court, on appeal, costs shall be allowed to the prevailing party in the sum of $15. This should be taxed by the clerk, whether a cost bill is filed or not: Rule 31 of the Supreme Court. This rule is in harmony with Section 569, Or. L.

The appeal in the present case was separate and distinct from that in the other case mentioned, and plaintiff herein is entitled to the statutory fee. The defendant is not entitled to have the costs retaxed. The bill of costs will stand as filed herein, including the $15, prevailing party fee.          MOTION DENIED.