In re B. R. GUNDY.

No. A-5597. Opinion Filed May 28, 1925.
(236 Pac. 440.)

(Syllabus.)

1. **Extradition—Complaint or Information in Demanding State as Basis of Extradition Proceeding.** A complaint or information, duly verified, may form the basis of an extradition proceeding, where it is a proper method of charging crime in the state where committed.

2. **Same—Question of Authenticity of Complaint for Determination of Governor, and His Certificate to Fact Sufficient.** Under the statute requiring that the Governor certify the authenticity of

the complaint on which he demands extradition, without specifying how the Governor is to be satisfied that the complaint on which he acts is authentic, the question of the authenticity of the complaint is for his own determination, and his certificate to the fact alone required.

3.  **Habeas Corpus—Determination by Executive of Surrendering State that Sworn Evidence Accompanying Requisition is Sufficient to Establish Facts Upon Which it is Based Rebuttable on Habeas Corpus Proceeding.** The determination by the executive of the surrendering state that the sworn evidence accompanying the requisition is sufficient to establish the facts upon which the requisition is based is not conclusive, but is a prima facie showing, which may be rebutted on habeas corpus proceeding by admissions or other conclusive evidence.

4.  **Same—Right of Person Arrested on Requisition Warrant to Have Tried the Issue of Fact Whether He Is Fugitive from Justice.** It is proper for a person arrested on a requisition warrant to have tried on habeas corpus the issue of fact whether he is a fugitive from justice.

5.  **Extradition—Responsibility of Determining Whether Accused Is Fugitive from Justice on Executive of State in Which He Is Found.** The responsibility in the first instance of determining whether accused is a fugitive from the justice of the demanding state rests upon the executive of the state in which accused is found.

6.  **Habeas Corpus—Burden on Petitioner Seeking to Defeat Extradition to Establish that He is not Fugitive from Justice.** The proceedings being regular in form, it is incumbent upon the petitioner for habeas corpus, seeking to defeat extradition, to establish that he is not a fugitive from justice.

7.  **Extradition—Person May Be "Fugitive from Justice," Though at Time of Leaving State He Did not Consciously Flee to Avoid Prosecution, and Had no Belief that He Had Violated Laws.** A person may be a "fugitive from justice" within the meaning of the provisions of the federal Constitution and laws concerning extradition, though at the time he left the demanding state he had no belief that he had violated its criminal laws, and though he did not consciously flee from justice in order to avoid prosecution for the crime with which he is charged.

Petition by B. R. Gundy for writ of habeas corpus to be directed to the Sheriff of Tulsa County. Writ denied.

Bailey E. Bell and Wyley E. Crabtree, for petitioner.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for respondent.

DOYLE, J.   The case of restraint as alleged is by virtue of an executive warrant issued by the Acting Governor of Oklahoma on a requisition made by the Governor of Kansas.

It appears that petitioner was originally charged by complaint verified by Drucilla Gundy, his wife, filed in the city court of Wichita, Sedgwick county, Kan., with the crime of wife desertion and child abandonment, and, being found in Tulsa, Okla., was arrested as a fugitive from the justice of the state of Kansas; that petitioner made application to Edwin R. McNeill, judge of the district court within and for Tulsa county, for a writ of habeas corpus, and that, upon hearing thereof, said writ was denied and petitioner, B. R. Gundy, remanded to the custody of respondent by authority of said executive warrant with directions to hold said petitioner for a period of 48 hours to enable said petitioner to file an application for a writ of habeas corpus in this court.

It is contended the papers taken as a whole show that no crime has been committed, and also that the petitioner is shown not to be a fugitive from justice.

Section 5278 of the Revised Statutes of the United States (U. S. Comp. St. § 10126) provides that—

"Whenever the executive authority of any state or territory demands any person as a fugitive from justice, of the executive authority of any state or territory, to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any state or territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the Governor or chief magistrate of the state or territory from whence the person so charged has fled, it shall be the duty of the executive authority of the state or ter-

ritory to which such person has fled to cause him to be arrested and secured," etc.

To what extent is the action of the executive in issuing the warrant of rendition open to review? It will be observed that the statute confers no authority upon the courts. Such authority as we exercise must be derived from our general power to protect the individual citizen from unlawful arrest. Clearly, we may not in the exercise of this restricted power enter upon a trial of the alleged offender. We cannot try the question of his guilt or innocence.

The rule appears to be that the courts may look into the papers before the Governor and determine whether upon their face a crime is charged; but beyond this the court cannot go in determining the fact of the petitioner's guilt or innocence. Hurd, Habeas Corpus, § 621; Moore, Extradition, § 632.

In Ex parte Offutt, 29 Okla. Cr. 401, 234 P. 222, it was held:

"The question as to whether the person demanded and detained on an extradition warrant is substantially charged with a crime is a question of law, which on the face of the papers is open to inquiry on writ of habeas corpus."

And further that—

"Unless the affidavit, complaint, or information charges the person sought with the commission of a crime, it is fatally defective, and a warrant for his extradition is unauthorized." Ex parte Wildman, 14 Okla. Cr. 150, 168 P. 246.

Upon a careful examination we are satisfied that the papers produced before the Acting Governor of Oklahoma fully complied with the provisions of the section above quoted.

Is the petitioner, B. R. Gundy, a fugitive from the

justice of the state of Kansas? Petitioner is the husband of the woman and the father of the child mentioned in the complaint. For several years prior to March, 1924, he had been a resident and citizen of Collinsville, Okla. About April 1, 1924, he went to Wichita, Kan., and engaged in a moving picture business. He sent for his family in June, 1924, and they removed to Wichita. On March 6, 1925, he told his daughter to collect the proceeds of the business that evening, and the same day left Wichita in his automobile. His testimony discloses that he reached Collinsville, Okla., the next day; that he had not been in Kansas since.

In the first instance the responsibility of determining whether an accused person is a fugitive from the justice of a demanding state rests upon the executive of the state in which the accused is found. In re Reggel, 114 U. S. 642, 5 S. Ct. 1148, 29 L. Ed. 250.

Independent proof, apart from the requisition papers that the accused is a fugitive, need not be demanded by the Governor of the surrendering state before issuing his warrant of arrest in extradition proceedings. Pettibone v. Nichols, 203 U. S. 192, 27 S. Ct. 111, 51 L. Ed. 148, 7 Ann. Cas. 1047.

The executive of the asylum state performs his full duty when he determines that an extraditable offense has been regularly charged, and that the accused was within the jurisdiction of the demanding state when the offense charged was committed.

The determination by the executive of the surrendering state that the sworn evidence accompanying the requisition is sufficient to establish the facts upon which the requisition is based is not conclusive. The issuance of the warrant constitutes, however, a prima facie showing which "may be rebutted under a writ of habeas corpus by ad-

missions or other conclusive evidence." Hyatt v. N. Y., 188 U. S. 691, 23 S. Ct. 456, 47 L. Ed. 657.

It is upon the petitioner under such circumstances to prove that he is not in fact a fugitive from justice, and the burden requires evidence which is practically conclusive. Ex parte Montgomery (D. C.) 244 F. 967; Roberts v. Reilly, 116 U. S. 80, 6 S. Ct. 291, 29 L. Ed. 544.

The presence of the accused in another state is sufficient, if unexplained and uncontradicted, to warrant his return to the demanding state upon formal and regular requisition, and, either upon a hearing before the Governor, which is not a constitutional right, or upon a hearing on habeas corpus, if the record presents merely contradictory evidence on the subject of presence in, or absence from, that state, a warrant properly issued. Munsey v. Clough, 196 U. S. 364, 25 S. Ct. 282, 49 L. Ed. 515.

A person cannot be a fugitive from justice for the purpose of interstate extradition unless he was in the demanding state when the crime charged was committed. State v. Wellman, 102 Kan. 504, 170 P. 1052, L. R. A. 1918D, 949 Ann. Cas. 1918D, 1006; People ex rel. v. Hyatt, 172 N. Y. 176, 64 N. E. 825, 60 L. R. A. 774, 92 Am. St. Rep. 706; Appleyard v. Mass, 203 U. S. 222, 27 S. Ct. 122, 51 L. Ed. 161, 7 Ann. Cas. 1076.

To be a fugitive from justice within the meaning of the federal law it is sufficient that such person legally charged in the demanding state with the commission of a crime within said state, when sought to be subjected to its criminal process for said offense, has left its jurisdiction and is found within the jurisdiction of another state upon whose executive requisition is made. When it is shown that a person is in due and legal form charged with a crime in one state, and that he was corporeally present in that state at the time of the commission of the crime charged,

it is then conclusively established that such person is a fugitive from justice within the meaning of the Constitution.

It is well settled that a person may be a fugitive from justice within the meaning of the provisions of the federal Constitution and laws concerning extradition, though at the time he left the demanding state he had no belief that he had violated its criminal laws, and though he did not consciously flee from justice in order to avoid prosecution for the crime with which he is charged. Appleyard v. Mass, supra.

Upon a careful consideration of the proof our conclusion is that under the undisputed facts petitioner is a fugitive from justice from the demanding state, and his arrest and detention is not in any way illegal.

The writ of habeas corpus is accordingly denied and the respondent, R. S. Sandford, sheriff of Tulsa county, is directed to surrender said petitioner, B. R. Gundy, into the custody of Frank Crow, agent of the state of Kansas for the purposes aforesaid.

BESSEY, P. J., and EDWARDS, J., concur.