## Ex parte M. Y. BAKER.

No. A-6080.   Opinion Filed March 20, 1926.
(244 Pac. 459.)

Huston, Smith & Huffman, and L. E. Smith, for petitioner.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for respondent.

DOYLE, J. This is an application for a writ of habeas corpus, filed on behalf of petitioner, M. Y. Baker, who had been arrested by J. A. Doyle, sheriff of Seminole county, and held under a warrant issued by the Governor for his return to the state of Kansas, upon a requisition from the Governor of that state, alleging that he is a fugitive from justice. Accompanying the requisition was a certified copy of a complaint, duly verified by petitioner's wife

and filed in the city court of Wichita, Sedgwich county, Kan., by the county attorney, wherein petitioner is charged with the crime of wife desertion and child abandonment; that petitioner made application before George C. Crump, judge of the district court within and for Seminole county, for a writ of habeas corpus; and that upon a hearing thereof said writ was denied, and petitioner was remanded to the custody of respondent and Frank Crowe, agent for the state of Kansas, with directions to hold said petitioner for a period of 48 hours, to enable petitioner to file an application for a writ of habeas corpus in this court.

In behalf of petitioner it is urged that the complaint filed in the city court is not properly or sufficiently authenticated, but there is no ground for such contention. All of the papers attached to the requisition, the complaint included, are duly certified to and authenticated by the Governor of the state of Kansas in full compliance with the federal statute (U. S. Comp. St. § 10126).

We understand the rule to be that, under the statute requiring that the Governor certify the authenticity of the complaint on which he demands extradition, without specifying how the Governor is to be satisfied that the complaint on which he asks is authentic, the question of the authenticity of the complaint is for his own determination, and his certificate to the fact alone is required. In re Gundy, 30 Okla. Cr. 390, 236 P. 440.

It is also contended that petitioner, having established his bona fide residence in Oklahoma, with his wife and child, before the date of the alleged abandonment, is not a fugitive from justice from the state of Kansas. On the hearing the evidence showed that previous to 1925, petitioner, with his wife and child, lived in Wichita for several years; then he went to Blackwell, Oklahoma; that a month or two later he sent for his family, and they came to Blackwell; that after living together there for two or

three months he took his wife and child to Arkansas City, Kan., and there bought tickets for them to Wichita, and he returned to Oklahoma; that he has not since returned to Kansas.

It is well settled that the presence of the accused in another state is sufficient, if unexplained and uncontradicted, to warrant his return to the demanding state upon formal and regular requisition, and it is incumbent upon the petitioner for habeas corpus, seeking to defeat extradition, to establish that he is not a fugitive from justice.

To be a fugitive from justice, within the meaning of the federal law, it is sufficient that such person, legally charged in the demanding state with the commission of a crime within said state, when sought to be subjected to its criminal process for such offense, has left its jurisdiction and is found within the jurisdiction of another state, upon whose executive requisition is made. It is well settled that a person may be a fugitive, within the meaning of the provisions of the federal Constitution and laws concerning extradition, even though at the time he left the demanding state he had no belief that he had violated its criminal laws, and though he did not consciously flee from justice in order to avoid prosecution for the crime with which he is charged. In re Gundy, supra, and cases cited.

Upon careful consideration of the evidence, our conclusion is that under the undisputed facts petitioner is a fugitive from justice from the demanding state, and his arrest and detention is not in any way illegal. The writ of habeas corpus is accordingly denied, and the respondent, J. A. Doyle, sheriff of Seminole county, is directed to surrender petitioner, M. Y. Baker, into the custody of Frank Crowe, agent of the state of Kansas, for the purposes aforesaid.

BESSEY, P. J., and EDWARDS, J., concur.