# Ex parte JOHN FOSTER.

No. A.-9197.   Sept. 18, 1936.
(61 Pac. [2d] 37.)

Elmore Pinnick, for petitioner.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for respondent.

DOYLE, J. This is an application for writ of habeas corpus by John Foster, who alleges that he is illegally restrained of his liberty and unlawfully imprisoned by John Watt, chief of police of the city of Oklahoma City, Okla., as follows:

"The petitioner alleges the facts to be, that on the 10th day of December, 1928, he was duly sentenced to serve from one year to life in the penitentiary of the state of Illinois, by the Judge of the district court of Franklin county, state of Illinois, and that on the 30th day of December, 1928, was committed to said prison at Menard, Ill. That on the 18th day of July, 1935 said petitioner was regularly paroled to the custody of Fred J. Tunnard, of Oklahoma City, Oklahoma county, state of Oklahoma, and has since said time been within the said state of Oklahoma, that at no time has your petitioner violated the terms or conditions of said parole.

"That your petitioner is not now charged with the commission of any crime in the state of Illinois or any other state, that no warrant of arrest has been issued

by any magistrate of the state of Oklahoma for the arrest and detention of your petitioner as by law required;

"Your petitioner further states that he is not a fugitive from justice, but is in the state of Oklahoma under and by virtue of the provisions of the parole issued him, a copy of said parole is hereto attached, filed herewith and made a part hereof;

"That all of the acts of unlawful imprisonment and illegal restraint as above set forth are in violation of the Constitution and the laws of the United States, and in violation of the Constitution and laws of the state of Oklahoma."

The respondent in his return to the writ of habeas corpus set up that the petitioner is held in custody by the extradition agent of the state of Illinois under a warrant of extradition issued by the Governor of this state. A copy of the extradition warrant is attached thereto.

It is contended on the part of petitioner that he having been paroled in accordance with the laws of the state of Illinois to the custody of a citizen of the state of Oklahoma, he left the state of Illinois with the consent of the proper authorities; that he has not violated the conditions of his parole and for the reasons stated is not a fugitive from justice.

From the record before us it appears that the requisition issued by the Governor of the demanding state and the documents thereunto attached and certified to by him were properly authenticated, as was also the extradition warrant issued by the Governor of this state.

The United States Constitution, article 4, § 1, provides:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of

every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

Article 4, § 2, cl. 2, provides:

"A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the Executive Authority of the State from which he fled, be delivered up to be removed to the State having Jurisdiction of the Crime."

Section 5278, U. S., Rev. St. (18 U. S. C. A. § 662), prescribes the procedure necessary to put into effect the power conferred by the Constitution, relating to extradition proceedings. It reads:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within six months from the time of the arrest, the prisoner may be discharged. All costs or expenses incurred in the apprehending, securing, and transmitting such fugitive to the State or Territory making such demand, shall be paid by such State or Territory."

In Ex parte Ridley, 3 Okla. Cr. 350, 351, 106 Pac. 549, 26 L.R.A.(N.S.) 110, this court held:

"A 'parole,' as the term is used in criminal law, may be defined as the release of a convict from imprisonment upon certain conditions to be observed by him, and a suspension of his sentence during his liberty thus granted."

Held further:

"An executive order, revoking a parole for violating a condition thereof, and directing the rearrest and return to custody of the convict, is not violative of the constitutional guaranty 'that no person shall be deprived of his liberty without due process of law,' and 'that no warrant shall issue but upon probable cause, supported by oath or affirmation,' since being a convict at large by executive clemency, which he has accepted on conditions included therein, the convict, upon violation of such conditions, is merely an escaped convict, and not entitled to invoke such constitutional guaranty."

In the case of Ex parte Hamilton, 41 Okla. Cr. 322, 273 Pac. 286, this court held:

"Where a convicted prisoner in another state is there paroled, and voluntarily comes into this state, and thereafter his parole is revoked by the proper authorities of the former state, the prisoner then has the status of an escaped convict, and is a fugitive from justice from the former state, and if apprehended in this state he may upon requisition be rendered to that state. His status is not changed by the fact that he came into this state after being paroled with the consent of the authorities of the former state."

Held further:

"Under the conditions named in the preceding syllabus, the legality of the revocation of the parole of the prisoner is a question for the courts of that state, since they alone have the right to construe the Constitution and laws of that state."

And see Ex parte Collins, 32 Okla. Cr. 6, 239 Pac. 693. See, also, Scott on Interstate Rendition, p. 83.

The Supreme Court of Missouri, in the case of State v. Hoffmeister, 336 Mo. 682, 80 S.W.(2d) 195, 196, had before it an application for a writ of certiorari to quash a judgment discharging a paroled convict from the agent's custody in a habeas corpus proceeding.

There the petitioner, Arthur Rosenberg, an inmate of a penitentiary in the state of Illinois, was given permission to reside temporarily and conditionally in the city of St. Louis, Mo., and work for a citizen of that city. Upon information that Rosenberg was under arrest for a violation of a law of Missouri, the warden ordered him retaken and returned to actual custody in the penitentiary, pending a decision of the department of public welfare of Illinois on the question whether or not he had violated his parole. In the opinion it is said:

"Thereupon the Governor of Illinois made requisition for his return to said state. The requisition was honored by the Governor of Missouri who issued an extradition warrant under which Rosenberg was taken into custody in Missouri by an agent of Illinois for return to the penitentiary. Upon application to the circuit court of the city of St. Louis, a judge of said court issued a writ of habeas corpus. Upon return to the writ and reply thereto the case was tried and Rosenberg discharged from the custody of the agent of Illinois. Illinois seeks a review, on certiorari, of this ruling on habeas corpus.

"At that trial it was admitted that the requisition conformed to the federal statutes and presented a prima facie case. However, it was contended that Rosenberg had not violated his parole, and for that reason was not a fugitive from justice. The circuit court so found and discharged him. This was the only question presented.

"Illinois contends that the courts of an asylum state are without jurisdiction on habeas corpus to determine the question of the guilt or innocence of the person in the custody of the agent of the demanding state. The contention must be sustained. It has been so ruled by all the authorities. 18 U.S.C.A. § 662, note 61, pp. 329, 330, 331."

In People ex rel. Hutchings v. Mallon, 218 App. Div. 461, 218 N.Y.S. 432, 433, it appears that the relator came to New York by express direction of the authorities of the state of California granting the parole to accept an offer of employment:

"Held extraditable as 'fugitive from justice,' within Const. U. S. art. 4, subd. 2, and Rev. St. U. S. § 5278 [18 U. S. C. A. § 662], after parole was lawfully revoked by Governor of demanding state." And see Re Hope, 7 N. Y. Cr. R. 406, 10 N. Y. S. 28.

It is well settled that the presence of the accused in another state is sufficient, if unexplained and uncontradicted, to warrant his return to the demanding state upon formal and regular requisition, and it is incumbent upon the petitioner for habeas corpus seeking to defeat extradition, to establish that he is not a fugitive from justice. Ex parte Baker, 33 Okla. Cr. 413, 244 Pac. 459.

It is well settled that a person may be a fugitive from justice within the meaning of the provisions of the Federal Constitution and laws concerning extradition after his conviction as well as before.

In Ex parte Haynes, 98 Tex. Cr. R. 609, 267 S. W. 490, 492, the Court of Criminal Appeals of Texas held:

"When a prosecution is initiated and pursued to judgment of conviction, accused is 'charged' within meaning of the United States Constitution."

In State ex rel. v. Remann, 165 Wash. 92, 4 Pac. (2d) 866, 78 A.L.R. 412, the Supreme Court of Washington held:

"In extradition proceeding, involving escaped convict, a person is 'charged' with crime after his conviction as well as before."

In People ex rel. Hutchings v. Mallon, 218 App. Div. 461, 218 N.Y.S. 432, it was held:

"Persons convicted of crime are 'charged' within Const. U. S. art. 4, § 2, subd. 2, and Rev. St. U. S. § 5278 [18 U. S. C. A. § 662], relating to extradition."

In People ex rel. v. Enright, 112 Misc. 568, 184 N.Y.S. 248, 253, this court in part said:

"The constitutional provision regarding extradition from one state to another was adopted to promote justice, to aid the states in enforcing their laws, and not to shield malefactors. The Supreme Court of the United States has emphatically announced its adherence to the doctrine that a faithful and vigorous enforcement of the provisions relating to fugitives from justice is vital to the harmony and welfare of the state, and that, while a state should take care that the rights of its people are protected against illegal action, both it and the judicial authorities throughout the Union should equally take care that the provisions of the Constitution be not so narrowly interpreted, as to enable offenders against the laws of a state to find a permanent asylum in the territory of another state.

"The action of the Governor in issuing his warrant should not be nullified by the courts, unless it conclusively appears that the accused is not a fugitive from justice and that the issuance of the warrant was in plain contravention of law."

See Appleyard v. Massachusetts, 203 U. S. 222, 27 S. Ct. 122, 51 L. Ed. 161, 7 Ann. Cas. 1073; Compton v. Alabama, 214 U. S. 1, 29 S. Ct. 605, 53 L. Ed. 885, 16

58

Ann. Cas. 1098; Commonwealth v. Superintendent of Philadelphia County Prison, 220 Pa. 401, 69 A. 916, 21 L. R. A. (N. S.) 939.

Upon a careful examination and consideration of the record before us, we are of opinion that upon the undis puted facts petitioner is a fugitive from justice from the demanding state and his arrest and detention are not in any way illegal.

The writ of habeas corpus is accordingly denied, and the respondent, John Watt, chief of police of Oklahoma City, is directed to surrender petitioner, John Foster, into the custody of the agent of the state of Illinois in execution of the Governor's rendition warrant.

EDWARDS, P. J., and DAVENPORT, J., concur.