Ex parte LOUIS HANSEN.

No. A-9568.   Oct. 3, 1938.

(83 P. 2d 205.)

W. N. Redwine and J. M. Roberts, both of McAlester, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

DOYLE, J. On behalf of Louis Hansen, a duly verified petition for the writ of habeas corpus was filed in this court on September 29th, 1938, alleging that petitioner is illegally restrained of his liberty and unlawfully imprisoned in the state penitentiary at McAlester, by Jess Dunn, warden.

The petition was thereupon presented to the court.

The respondent appearing by Sam H. Lattimore, Assistant Attorney General, interposed a demurrer thereto, citing Ex parte Foster, 60 Okla. Cr. 50, 61 P. 2d 37, in support thereof.

At the close of the hearing the court refused to issue the writ but ordered that a rule to show cause be entered and issued, why the writ of habeas corpus should not be awarded as prayed for. Said rule to show cause was made returnable on October 4th.

Counsel for petitioner have filed a motion to dismiss his application. Attached thereto is a statement signed by petitioner, in part as follows:

"I, the undersigned Louis Hansen, do hereby agree to waive any right I may have under my application for writ of habeas corpus filed in the Criminal Court of Appeals of Oklahoma, and agree to return to the state of Illinois with Mr. Ross Randolph, State Parole Agent of the State, and I hereby agree that Mr. Jess Dunn, Warden of the Oklahoma Penitentiary, and Mr. R. A. West, deputy warden, may deliver me to the aforesaid Mr. Ross Randolph, parole agent of the state of Illinois.

"And this is the authority of W. M. Redwine and J. M. Roberts to dismiss said application for habeas corpus now pending in said Criminal Court of Appeals.

"This is my free and voluntary act and for the purpose of returning to the state of Illinois, my attorneys are relieved of any further obligation. Said attorneys hereby agree to dismiss the aforesaid application for writ of habeas corpus now pending in said court; a copy of

said dismissal to issue to the warden of the state penitentiary."

The motion on the part of petitioner to dismiss is for the reasons stated sustained, and the rule to show cause is set aside. It is so ordered.

BAREFOOT, J., concurs.