## Ex parte DELBERT RYAN.

No. A-10315. Sept. 16, 1942.
(129 P. 2d 204.)

F. E. Riddle and R. R. Linker, both of Tulsa, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

DOYLE, J. The petition for writ of habeas corpus shows that the cause of the alleged unlawful restraint by Garland Marrs, sheriff of Tulsa county, is for delivery to G. W. Williams, sheriff of Comanche county, Kan., upon a requisition from the Governor of that state, and such requisition has been honored and the warrant of the Governor of this state for the delivery of petitioner has been issued and served upon petitioner.

The petitioner alleges that he is now and has been a bona fide resident of the town of Jenks, in the county of Tulsa, with his family for the last past 12 years.

Petitioner denies that he is a fugitive from justice and denies that he has committed any crime against the laws of the State of Kansas, and denies that he has fled said state to prevent arrest and trial upon any criminal charge.

Petitioner avers that the application and matters set forth therein, in the extradition proceedings, fail to allege facts complying with the acts of Congress, and the

Constitution of the United States, and that said matters alleged fail to comply with the laws of the State of Oklahoma, authorizing his detention and return to the State of Kansas. That the complaint and warrant charging the crime of grand larceny and burglary of the Coldwater Co-op. Oil Company was based upon affidavits which are insufficient in law to justify or warrant the retention of petitioner; that said papers show on their face that the proceedings were not instituted in good faith, and petitioner further avers that the affidavit or information attached to the extradition papers as filed before the justice of the peace of Coldwater, Comanche county, Kan., are not authenticated in the manner provided by law and are insufficient under the law to warrant said extradition proceedings and the delivery of petitioner to the agent of the State of Kansas. The petition concludes with prayer that this court grant the writ of habeas corpus, and that he be discharged from such unlawful imprisonment.

It is contended that upon the proceedings had the petitioner is shown not to be a fugitive from justice.

On August 11, 1942, petition was filed in this court, and on the same day presented to the writer, the other two members of the court, on vacation, being absent from the jurisdiction. The writ was denied, and a rule to show cause why the writ should not be awarded as prayed for was entered and made returnable August 19th. That pending the determination of the application petitioner to be released from custody on bond in the sum of $2,000, to be approved by the court clerk of Tulsa county.

On the return day the Attorney General filed a demurrer to the petition, on the ground that the same does not set forth facts entitling petitioner to any relief, which was overruled, and said cause reassigned for August 31st.

On August 31st, all parties appearing, the cause was orally argued. At the close of the argument and upon consideration by the court, it was held that upon the undisputed facts petitioner is a fugitive from justice from the demanding state and the showing made in support of the extradition proceedings was sufficient. The writ was denied and petitioner remanded to the custody of the respondent to be dealt with as the law directs in extradition cases. The opinion of the court later to be filed.

### Opinion

Section 5278 of the Revised Statutes of the United States, 18 U. S. C. A. § 662, provides that:

"Whenever the executive authority of any state or territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured," etc.

To what extent is the action of the executive in issuing the warrant of extradition open to review? It will be observed that the statute confers no authority upon the courts. Such authority as we exercise must be derived from our general power to protect the individual citizen from unlawful arrest. Clearly, we may not in the exercise of this restricted power enter upon a trial of the alleged offender. We cannot try the question of his guilt or innocence.

The rule appears to be that the courts may look into

the papers before the Governor and determine whether upon their face a crime is charged; but beyond this the court cannot go in determining the fact of the petitioner's guilt or innocence. Hurd, Habeas Corpus, § 621; Moore, Extradition, § 632.

A charge of crime by information has in many cases been held to be a compliance with the federal statute, supra, requiring the production of a copy of the "indictment found or an affidavit made before a magistrate." 112 Am. St. Rep. 135.

In the case Matter of Strauss, 197 U. S. 324, 25 S. Ct. 535, 536, 49 L. Ed. 774, Mr. Justice Brewer, speaking for the court, said:

"Under the Constitution each state was left with full control over its criminal procedure. No one could have anticipated what changes any state might make therein, and doubtless the word 'charged' was used in its broad signification, to cover any proceeding which a state might see fit to adopt by which a formal accusation was made against an alleged criminal. In the strictest sense of the term a party is charged with crime when an affidavit is filed, alleging the commission of the offense, and a warrant is issued for his arrest; and this is true whether a final trial may or may not be had upon such charge. It may be, and is, true, that in many of the states some further proceeding is, in the higher grade of offenses at least, necessary before the party can be put upon trial, and that the proceedings before an examining magistrate are preliminary, and only with a view to the arrest and detention of the alleged criminal; but extradition is a mere proceeding in securing arrest and detention. An extradited defendant is not put on trial upon any writ which is issued for the purposes of extradition, any more than he is upon the warrant which is issued by the justice of the peace directing his arrest."

In re Gundy, 30 Okla. Cr. 390, 236 P. 440, this court held:

"A complaint or information duly verified, may form the basis of an extradition proceeding, where it is a proper method of charging crime in the state where committed."

Further held that:

"Under the statute requiring that the Governor certify the authenticity of the complaint on which he demands extradition, without specifying how the Governor is to be satisfied that the complaint on which he acts is authentic, the question of the authenticity of the complaint is for his own determination, and his certificate to the fact alone is required."

And that:

"The proceedings being regular in form, it is incumbent upon the petitioner for habeas corpus, seeking to defeat extradition, to establish that he is not a fugitive from justice."

In the opinion we said:

"To be a fugitive from justice within the meaning of the federal law it is sufficient that such person legally charged in the demanding state with the commission of a crime within said state, when sought to be subjected to its criminal process for said offense, has left its jurisdiction and is found within the jurisdiction of another state upon whose executive requisition is made. When it is shown that a person is in due and legal form charged with a crime in one state, and that he was corporeally present in that state at the time of the commission of the crime charged, it is then conclusively established that such person is a fugitive from justice within the meaning of the Constitution."

Roberts v. Reilly, 116 U. S. 80, 6 S. Ct. 291, 29 L. Ed. 544, is to the effect that the papers must make it appear that the person demanded is substantially charged with a crime against the laws of the state, from whose justice he is alleged to have fled, by an indictment or an affidavit certified by the Governor as authentic.

In the instant case it was the opinion of the court that upon the undisputed facts, the petitioner is a fugi-

150

ive from justice from the demanding state, that the proceedings had were clearly sufficient, and that his arrest and detention is not in any way illegal. The writ of habeas corpus was and is accordingly denied, and the respondent, Garland Marrs, sheriff of Tulsa county, was directed to surrender said petitioner into the custody of G. W. Williams, Agent of the State of Kansas.

BAREFOOT, P. J., and JONES, J., concur.