Ex parte JOHN R. CASSEL.

No. A-10907.　Sept. 3, 1947.

(184 P. 2d 467.)

Clay M. Roper, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

BRETT, J. This is an original action instituted by John R. Cassel to secure a writ of habeas corpus, directed to L. J. Hilbert, Chief of Police of Oklahoma City, the petitioner alleging that he is being unlawfully restrained of his liberty in the city jail of Oklahoma City, Okla.

In his verified petition the petitioner alleges, in substance, that he is being unlawfully restrained of his liberty in the city jail of Oklahoma City under and by

virtue of a warrant for his arrest and extradition issued by the Governor of the State of Oklahoma on July 9, 1947, for his extradition to the State of California to answer a charge of first degree rape, pending against him in Los Angeles county, California.

Petitioner contends, in substance, that the complaint upon which he is being held is not verified as provided by law, in that evidence at the hearing disclosed it was sworn to on information and belief; that he has not committed any offense in the State of California and is therefore not a fugitive from justice; and that said prosecution is not in good faith and was instituted against him because of hatred and spite.

To the allegations of this petition, the Attorney General of the State of Oklahoma made a return to the rule to show cause in which he alleged, in substance, that the detention and imprisonment of John R. Cassel, by L. J. Hilbert, Chief of Police of Oklahoma City, is on account of a warrant of foreign requisition, signed by Roy J. Turner, Governor of the State of Oklahoma, on July 9, 1947. Further, the Attorney General alleged that the petition does not state facts sufficient to warrant the release and discharge of the petitioner, and, further, denied each and every material allegation made and contained in said petition, except those expressly admitted to be true.

We have carefully examined the proceeding upon which the Governor of the State of Oklahoma based his warrant for extradition. We find that it is predicated upon an affidavit of complaint, filed in the police court of the city of Englewood, county of Los Angeles, State of California, duly and properly sworn to by Richard A. Shoemaker before Lester O. Luce, judge of the police

court of the city of Englewood, county of Los Angeles, State of California, which last said officer, under the statutes of the State of California, is defined as a magistrate. Code of Civil Procedure, § 2093. Further examination of said complaint discloses that it is positive and direct and does not appear to be based upon information and belief. The complaint charges statutory rape in four counts committed by John R. Cassel upon the person of one Norma Jo Perkins, she being a female person of the age of 14 years and not then and there the wife of said John R. Cassel. Upon said complaint it appears that a warrant for the arrest of John R. Cassel was issued out of police court by said judge, Lester O. Luce; said warrant was not served. Said proceedings in said court are duly certified and properly authenticated. Attached thereto is the affidavit of Norma Jo Perkins, the prosecuting witness, substantially detailing the dates and the acts complained of constituting the crimes alleged in said complaint. Also attached to said proceedings is the affidavit of Annabelle Perkins, mother of Norma Jo Perkins, setting forth that at the time of the alleged offenses, Norma Jo Perkins was of the age of 14 years, and further alleging that Norma Jo Perkins had been examined by the juvenile bureau physicians, and from said examination it was revealed that she had apparently been raped. Also attached to said proceedings in the police court is the affidavit of Richard A. Shoemaker, in which he details the results of his investigation in said matter and sets forth what steps had been taken to ascertain the whereabouts of said John R. Cassel, and advice from the police department of Oklahoma City to the effect that John R. Cassel had been arrested and was held in custody in Oklahoma City under and by virtue of the authority of the proceedings, warrant, and communications had with the

authorities in California. The foregoing instruments constitute the basis for the application to the Governor of the State of California as a predicate for a requisition to the Governor of the State of Oklahoma for an order of extradition. Based upon said proceedings, the Governor of California issued a requisition to the Governor of the State of Oklahoma for an order of extradition. From the record before us, it appears that the requisition issued by the Governor of the demanding state and the documents thereunto attached and certified by him were properly executed and authenticated, as was also the extradition warrant issued by the Governor of this, the surrendering state.

Under these conditions and contentions, what is the extent of our review of the action of the executive? First, this court has held that it may look into the papers before the Governor and determine whether upon their face a crime is charged and if they are found to be regular on their face and positive in their allegations, the court will not permit inquiry to go behind them to show that they are not what they appear to be; or, that the indictment or affidavit does not charge a criminal offense. These are questions of law. Second, this court has held it will permit the petitioner to show that he is not a fugitive from justice in that he was not in the demanding state at the time the crime was alleged to have been committed. This presents a question of fact. Third, this court has held that the petitioner will be permitted to show that the prosecution was not brought in good faith. This, also, is a question of fact. These conclusions are well grounded, since the statute covering extradition confers no authority upon the courts, and the authority which the court exercises is its general power to protect the individual. In re Gundy, 30 Okla. Cr. 390, 236 P. 440, 441. An examination

of the Constitution and the statute and the cases construing the same supports these conclusions. The United States Constitution, Art. 4, § 1, provides:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

Article 4, § 2, Cl. 2, provides:

"A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up to be removed to the State having Jurisdiction of the Crime."

Section 5278, U. S., Rev. St., 18 U. S. C A. § 662, prescribes the procedure necessary to put into effect the power conferred by the Constitution, relating to extradition proceedings. It reads:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be. the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within six months from the time of the arrest, the prisoner may be discharged.

All costs or, expenses incurred in the apprehending, securing, and transmitting such fugitive to the State or Territory making such demand, shall be paid by such State or Territory."

In Re Gundy, supra, this court said:

"The rule appears to be that the courts may look into the papers before the Governor and determine whether upon their face a crime is charged; but beyond this the court cannot go in determining the fact of the petitioner's guilt or innocence. Hurd, Habeas Corpus, § 621, Moore, Extradition, § 632.

"In Ex parte Offutt, 29 Okla. Cr. 401, 234 P. 222, it was held:

" 'The question as to whether the person demanded and detained on an extradition warrant is substantially charged with a crime is a question of law, which on the face of the papers is open to inquiry on writ of habeas corpus.'

"And further that—

" 'Unless the affidavit, complaint, or information charges the person sought with the commission of a crime, it is fatally defective, and a warrant for his extradition is unauthorized.' Ex parte Wildman, 14 Okla. Cr. 150, 168 P. 246."

We find the papers herein involved to be proper on their face. The affidavit of complaint sworn to by Richard A. Shoemaker does not appear to be based upon information and belief. Under these conditions, the papers are not open to inquiry and the petitioner will not be permitted to go behind the affidavit, regular on its face, and show that it was made on information and belief. Unless the affidavit is clearly void, its validity will be left by this court to the courts of the demanding state. Downey v. Hale, 1 Cir., 67 F. 2d 308, certiorari denied 291 U. S. 662,

54 S. Ct. 438, 78 L. Ed. 1053. In this connection, this court has held that a proceeding in habeas corpus to secure release from a warrant issued by the Governor is a summary one which must be kept within narrow bounds, both as a protection to the citizen and in the public interest; that when extradition papers required by the statute are in proper form, the only evidence sanctioned by this court is such as may tend to prove that the accused was not in the demanding state at the time the crime was alleged to have been committed (Ex parte Rabinwitz, 61 Okla. Cr. 83, 65 P. 2d 1236); and that the prosecution was not brought in good faith. Ex parte Welborn, 69 Okla. Cr. 282, 102 P. 2d 624; Ex parte Owens, 34 Okla. Cr. 128, 245 P. 68; Ex parte Offutt, supra. A more recent case is that of Ex parte Chase, 84 Okla. Cr. 159, 180 P. 2d 199, in which this court said:

"In extradition proceeding, warrant of Governor of surrendering state is sufficient prima facie to justify arrest of alleged fugitive and delivery to agent of demanding state.

"In extradition proceeding, decision of Governor of surrendering state on jurisdictional facts is presumptively correct."

The contentions of the petitioner, relative to the sufficiency of the sworn affidavit of complaint for requisition, and the form of the application therefor, are therefore without merit.

The petitioner next contends that he committed no offense in the State of California and is therefore not a fugitive from justice. His own testimony, given at the hearing on the petition, refutes this contention. It therein appears that he admitted that he was within the State of California at the times alleged in three (3) of the said

four (4) counts. His testimony is especially corroborative of the allegations contained in count two, alleging that on April 4, 1947, he was within the county of Los Angeles, State of California, said corroboration being in the form of an admission that he registered in a certain hotel in said county and state on said date. Petitioner admitted that the registration was in his handwriting and that it appeared that he had registered with his wife and that two persons occupied the quarters designated on said registration record. Strengthening his admission in this regard is the affidavit of Norma Jo Perkins, made a part of the extradition papers, alleging that she was raped, by the petitioner, in a certain hotel in or near the city of Englewood, county of Los Angeles, State of California, on April 4, 1947. His admission that he was within the State of California on this and two other dates alleged in the complaint is the only evidence pertinent to a determination of this contention of the petitioner. In Ex parte George, 63 Okla. Cr. 115, 73 P. 2d 471, 474, it was said:

"To be a 'fugitive from justice' within the meaning of the federal law it is sufficient that person legally charged in the demanding state with the commission of a crime within said state, when sought to be subjected to its criminal process for said offense, has left its jurisdiction and is found within the jurisdiction of another state upon whose executive requisition is made. When it is shown that a person is in due and legal form charged with a crime in one state, and that he was corporeally present in that state at the time of the commission of the crime charged, it is then conclusively established that such person is a fugitive from justice within the meaning of the Constitution. In re Gundy [supra]; Ex parte Baker, 33 Okla. Cr. 413, 244 P. 459; Ex parte Rabinwitz, 61 Okla. Cr. 83, 65 P. 2d 1236."

Moreover, in said case it is further said:

"It is upon the petitioner under such circumstances to prove that he is not in fact a fugitive from justice, and the burden requires evidence which is practically conclusive. Ex parte Montgomery, D. C., 244 F. 967; Roberts v. Reilly, 116 U. S. 80, 6 S. Ct. 291, 29 L. Ed. 544."

The complaint being sufficient to charge the crime of rape in the first degree and it appearing that the petitioner was within the State of California, at the time or times alleged, his second contention that he is not a fugitive from justice is wholly without merit. Ex parte Ryan, 75 Okla. Cr. 144, 129 P. 2d 204.

In relation to the petitioner's third contention that the prosecution, in California, was not brought in good faith, it has been held by this court in Ex parte Welborn, 69 Okla. Cr. 282, 102 P. 2d 624, 625, quoting the court:

"The presumption is that the prosecution is in good faith; and in order to overcome this presumption, * * * the petitioner must introduce facts which are clear, convincing, and without doubt that the prosecution in the demanding state is in bad faith."

From what we have said hereinbefore, it is apparent that this contention is without merit.

Moreover, "the action of the Governor in issuing his warrant [on extradition] should not be nullified by the courts, unless it conclusively appears that the accused is not a fugitive from justice and that the issuance of the warrant was in plain contravention of law." Ex parte Foster, 60 Okla. Cr. 50, 61 P. 2d 37, 41. Also, see Appleyard v. State of Massachusetts, 203 U. S. 222, 27 S. Ct. 122, 51 L. Ed. 161, 7 Ann. Cas. 1073; Compton v. State of Alabama, 214 U. S. 1, 29 S. Ct. 605, 53 L. Ed. 885, 16 Ann. Cas. 1098; Commonwealth v. Superintendent of Phil-

14

adelphia County Prison, 220 Pa. 401, 69 A. 916, 21 L. R. A., N. S., 939.

No such situation confronts us in the case at bar. Upon careful consideration of the facts in this case, we are of the opinion that: (1) The petitioner is properly charged with the crime of first degree rape; (2) that the application for requisition and the warrant for extradition are in proper form; (3) that the petitioner is a fugitive from justice from the State of California; (4) that the prosecution is brought in good faith; and (5) that the petitioner's arrest and detention is not unlawful.

The writ of habeas corpus is accordingly denied and the respondent, L. J. Hilbert, Chief of Police of Oklahoma City, Oklahoma, is directed to surrender the petitioner John R. Cassel unto the custody of the agent of the State of California, in execution of the Governor's warrant on foreign requisition.

BAREFOOT, P. J., and JONES, J., concur.