Ex parte DAVID E. BISHOP.

No. A-10922.    Sept. 17, 1947.

(184 P. 2d 805.)

Shapard & Wallace and B. E. Harkey, all of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J.   This is an original proceeding in habeas corpus. The petitioner alleges that he is restrained of his liberty and unlawfully held by Dick Strain, sheriff of Oklahoma county, under and by virtue of a requisition by the Governor of the State of Kansas to the Governor of the State of Oklahoma and a warrant of extradition made and entered by the Governor of the State of Oklahoma on July 25, 1947, in favor of said request for extradition.

Petitioner alleges that said restraint is illegal and unauthorized in that the application for extradition and the papers in connection therewith are not in proper form. He particularly alleges that the complaint under which he is charged, bearing the date of March 3, 1947, and alleging in substance that on November 2, 1946, he committed the crime of obtaining money under false pretenses, is insufficient to state an offense. Further, he alleges that

the prosecution is not brought in good faith and is brought for the purpose of collecting a debt.

To the petition the respondent filed a return to the rule to show cause in which it is alleged that the petitioner is being held in custody pursuant to a warrant issued by the Governor of the State of Oklahoma, directing the petitioner's surrender to a duly authorized representative of the Governor of the State of Kansas, which warrant the Governor of Oklahoma has made and entered pursuant to a regular requisition of the Governor of the State of Kansas for the extradition of said petitioner, on a regular and proper charge filed against him in which he is charged with obtaining money under false pretenses. In Re Gundy, 30 Okla. Cr. 390, 236 P. 440, 441, this court said:

"The rule appears to be that the courts may look into the papers before the Governor and determine whether upon their face a crime is charged; but beyond this the court cannot go in determining the fact of the petitioner's guilt or innocence. Hurd, Habeas Corpus, § 621, Moore, Extradition, § 632."

Moreover, in Ex parte Offutt, 29 Okla. Cr. 401, 234 P. 222, 223, this court held:

"Unless the affidavit, complaint, or information charges the person sought with the commission of a crime, it is fatally defective, and a warrant for his extradition is unauthorized." Ex parte Wildman, 14 Okla. Cr. 150, 168 P. 246.

See, also, Ex parte George, 63 Okla. Cr. 115, 73 P. 2d 471, 474, wherein this court said:

"When it is shown that a person is in due and legal form charged with a crime in one state, and that he was corporeally present in that state at the time of the commission of the crime charged, it is then conclusively established that such person is a fugitive from justice with-

in the meaning of the Constitution. In re Gundy, [supra]; Ex parte Baker, 33 Okla. Cr. 413, 244 P. 459; Ex parte Rabinwitz, 61 Okla. Cr. 83, 65 P. 2d 1236."

We have carefully examined the papers herein and find them to be in proper form and that the complaint alleges the crime of obtaining money under false pretenses. When extradition papers required by the statute are in proper form, the only evidence demanded by this state is that the accused was in the demanding state at the time the crime was alleged to have been committed. Ex parte Rabinwitz, supra. The fact of the petitioner being in the State of Kansas at the time the offense is alleged to have been committed is not in any respect denied by said petitioner, but to the contrary, the facts positively established that at said time he was within the State of Kansas.

On the proposition that the prosecution was not brought in good faith and was for the purpose of collecting a debt, "the presumption is that the prosecution is in good faith; and in order to overcome this presumption, * * * the petitioner must introduce facts which are clear, convincing, and without doubt that the prosecution in the demanding state is in bad faith." Ex parte Welborn, 69 Okla. Cr. 282, 102 P. 2d 624; Ex parte Cassel, 85 Okla. Cr. 4, 184 P. 2d 467. The evidence herein is wholly insufficient to establish that the prosecution is not brought in good faith and is for the purpose of collecting a debt.

The writ of habeas corpus is accordingly denied and the respondent, Dick Strain, sheriff of Oklahoma county, is directed to surrender the petitioner David E. Bishop unto H. W. Goodman, extradition agent of the State of

Kansas, in execution of the Governor's warrant on foreign requisition.

BAREFOOT, P. J., and JONES, J., concur.