DENNY *v.* FOSTER, Sheriff, *et al.*

No. 16549.   March 14, 1949.

*Ward Matthews Jr.* and *Wesley R. Asinof,* for plaintiff in error.
*Paul Webb, Solicitor-General, C. O. Murphy* and *William
Hall,* contra.

ATKINSON, Presiding Justice.   (After stating the foregoing
facts.)   ■   It is contended that the trial judge erred in remand-
ing the prisoner to the officers for the reason that the requisition
from the State of Michigan is insufficient to form the basis of a
valid fugtive-from-justice warrant.   New Title 18, United States
Code Congressional Service, 80th Congress, 2d Session, § 3182,
the law upon which requisitions for fugitives from justice is
predicated, provides that the requisition must be based on "an
affidavit made before a magistrate," or "a copy of an indictment
found."   The attack in the instant case is made on the ground
that the requisition does not comply with this provision.

■   The affidavit in this case was signed by the acting warden
and sworn to before a "notary public, Jackson County, Michi-
gan."   Vol. 1, p. 729, § 1408, of the Compiled Laws of Michigan
of 1929 defines the authority of a notary public.   Vol. 3, p. 5963,
§ 17118, defines a "magistrate."   Under the law of Michigan it
is clear that a notary public is not a magistrate, but his duties

and authority are similar to those of a commercial notary public in this State. Accordingly, under the decision of this court in *Deering* v. *Mount*, 194 *Ga*. 833 (2) (22 S. E. 2d, 828), the affidavit is not sufficient to meet the requirements of the law, or make valid the requisition of the demanding State, so as to give the Executive of this State jurisdiction to grant a warrant thereon.

We next look to see whether the proceedings are valid under the alternative provision of having been predicated upon "a copy of an indictment found." The proceedings contain a certified copy of an affidavit to procure a warrant, a warrant, and an information signed by the "Prosecuting Attorney for Kent County, Michigan." This information sets forth the date, venue, and describes and alleges the manner and form in which the crime was committed, and is sworn to by the prosecuting attorney, asserting that he knows the contents and believes them to be true. Also, forming a part of the proceedings, is a copy of the sentence, reciting that the accused was tried and convicted by a jury, and fixing his sentence at "not to exceed ten years and not less than four years," signed by a Judge of the Superior Court of Grand Rapids. Vol. 3, p. 5990, §§ 17215 and 17216, of the Compiled Laws of Michigan of 1929 provides for the prosecution of crimes upon informations.

While the statute provides that a requisition may be based upon "a copy of an indictment found," there are decisions to the effect that the act can not be construed to exclude a case where a charge is brought in the form of a criminal information in a State in which it is a proper method of charging a person with the commission of a crime. In re Gundy, 30 Okla. Cr. 390 (236 Pac. 440) ; Morrison v. Dwyer, 143 Iowa, 502 (121 N. W. 1064) ; People v. Stockwell, 135 Michigan 341 (97 N. W. 765) ; In re Hooper, 52 Wisconsin 699 (58 N. W. 741) ; Ex parte Nash, 44 Fed. 2d, 403; In re Davis, 68 California App. Rep. 798 (158 Pac. 2d, 36) ; Ex parte Ryan, 75 Okla. Cr. 144 (129 Pac. 2d, 204) ; People v. Smith, 352 Ill. 496 (186 N. E. 159) ; Cook v. Rodger, 215 Ind. 500 (20 N. E. 2d, 933) ; In the Matter of Strauss, 197 U. S. 324 (49 L. ed. 774) ; In re Van Sciever, 42 Neb. 772, 778 (60 N. W. 1037) ; Commonwealth v. Cooke, 55 Pa. Superior Ct., 435.

Though there are decisions to the contrary, it seems that the

foregoing is a better interpretation of the intent of the statute, and more especially so where there has been a conviction and sentence.

Accordingly, the trial judge did not err in remanding Denny to the custody of the two defendants.

*Judgment affirmed.   All the Justices ·concur.*